## HUDSON *against* E. AND J. SWIFT.

To entitle a purchaser to recover back part of the consideration money, paid on a contract for the purchase of land, he must show that he has tendered the residue of the purchase money, and demanded a deed, so as to put the vendor in default. Whether the purchaser must not prepare and tender the conveyance to be executed by the vendor? *Quære.*

THIS was an action of *assumpsit*, tried at the *Cayuga* Circuit, before Mr. Justice *Van Ness*. The declaration contained the common counts.

The plaintiff gave in evidence articles of agreement executed by the parties, under their hands and seals, dated the 10th of *August*, 1819, by which the defendants agreed to sell and convey to the plaintiff, " by a good and sufficient warranty deed, ten acres of land, adjoining the land of *Elijah Miller* on the south, and west on the road leading from *Auburn* to *Grover's* settlement, running north along the said road twenty-eight rods, then in an eastern direction, in a square form, far enough to contain ten acres of land; the said deed to be given within ninety days from the date" of the agreement: "*Provided*, the said *E. D. Hudson* shall pay, or cause to be paid, unto the said *E. S.* and *J. S.* the sum of nine hundred dollars." The plaintiff paid to the defendants 350 dollars, which was indorsed on the agreement, the 10th of *August*, 1819.

*D. Horner*, a witness for the plaintiff, testified, that he

was a surveyor, employed by the defendants to run out the ten acres of land mentioned in the agreement; that on the 8th of *November*, 1819, he went with the plaintiff and defendants on the land, with a view of setting off the ten acres; that he run lines along the road, when a dispute arose between the parties as to the southwest corner of the ten acres. The defendants offered to give a deed according to the terms of the contract, and as the land was therein described; but as the contract was then in the hands of *J. Grover*, the parties agreed to put off the business until the next day. During the conversation between the parties, the plaintiff stated to the defendants, that he had already paid to them 350 dollars, on the contract, and was ready to pay the balance, whenever they would give him a deed according to the contract; and the defendants replied, that they were willing, and offered to give such a deed. The witness understood, from what passed between the parties, on the 8th of *November*, that they agreed, if the defendants executed and tendered a deed on the 10th of *November*, for the ten acres of land, according to the intention of the parties, as expressed in the contract, that the plaintiff would accept of it. It was proved, that a deed, duly executed and acknowledged by the defendants, dated the 9th of *November*, 1819, was, on that day, tendered to the plaintiff, who refused to accept it, saying, that he would have nothing to do with it, unless it was made out according to the contract, and that the defendants were endeavouring to make him take half the road, and part of *J. Miller's* land.

*Oakley*, for the plaintiff, contended, that the covenants were mutual and dependent, and that their performance must be simultaneous. It is a contract to convey, on the payment of money, on a certain day, and it expired on the 8th of *November*. (*Jones* v. *Gardner*, 10 *Johns. Rep.* 266. *Judson* v. *Wass*, 11 *Johns. Rep.* 525. 4 *Term Rep.* 761.) The time of performance cannot be extended by parol. (*Hasbrouck* v. *Tappan*, 15 *Johns. Rep.* 200.)

Again; under the circumstances of the case, the plaintiff had a right to consider the contract at an end, and to bring his action to recover back the money he had paid. There

was a mutual abandonment of the contract. It is unjust and inequitable for the defendants to retain the money which has been paid to them on the contract. (7 *Johns. Rep.* 125. *Doug.* 688. 1 *Caines' Rep.* 67.)

Admitting, even, that there was a tender of a conveyance in time; yet the deed was not according to the contract. The description of the premises was defective; and the right of the wife was not conveyed by a sufficient acknowledgment. It should have been certified that her examination was *private*, as well as separate and apart from her husband.

*Richardson*, and *E. Williams*, contra. There was no covenant at all on the part of the plaintiff. The defendants covenant *to* convey the land, within ninety days, provided the plaintiff paid them a certain sum. It was a conditional agreement to sell. An action would not lie on the implied covenant. The defendants offered to perform on their part, at the day fixed by the agreement. Payment of the money by the plaintiff was a condition precedent, to be performed, at least, at the day on which the defendants were to convey. The plaintiff was bound to show a payment of the money, or a tender of it. Before he can rescind the contract, or call on the defendants to perform, he must have fulfilled, or offered to fulfil, his part of the agreement.

If the covenants were mutual and dependent, it would be enough for the defendants to say, that before the day of performance arrived, the time was extended by parol. (*Fleming* v. *Gilbert*, 3 *Johns. Rep.* 528.) The acknowledgment indorsed on the deed was sufficient. It is in the language of the act. The words, separate and apart from her husband, imply a private examination.

*Oakley*, in reply, said, that if the plaintiff had an option to perform the contract, or not, he might rescind it at any time. The words of the act concerning deeds, (1 *N. R. L.* 309. sess. 36. ch. 97.) as to their execution by married women, are, " that no estate of a *feme covert*, &c., shall pass by her deed, &c., without a previous acknowledgment, &c., *made by her on a private examination, apart from her husband,*" &c.

SPENCER, Ch. J. delivered the opinion of the Court. The plaintiff seeks to recover back 350 dollars, paid by him to the defendants, on the 10th day of *August*, 1819.  On that day, the parties entered into an agreement, under their hands and seals,.whereby the defendants covenanted to convey to the plaintiff ten acres of land, therein mentioned, by a good and sufficient warranty deed, which was to be given, within ninety days from the date of the agreement, provided the plaintiff should pay the defendants nine hundred dollars.  The sum sought to be recovered, was paid as part of the consideration money.  It is very clear, from the case, that the agreement has not been rescinded by the consent of the parties.  On the contrary, the defendants have professed to be always ready to fulfil it.  It is equally clear, that the covenants were dependent; and the payment of the money was an act to be done concurrently with the giving of the deed.  Had the plaintiff brought his action on the covenant, it would have been incumbent on him to aver and prove an offer to pay the residue of the consideration.  (2 *Johns. Rep.* 207.  12 *Johns. Rep.* 212.)  The plaintiff's situation is not changed by suing for the money paid.  He was bound to show that the contract was rescinded, or that he stood ready, and offered to pay the balance due, on the day limited for the performance of the agreement; and it does not appear that the plaintiff put himself in a condition to demand a deed.  (9 *Johns. Rep.* 127.  12 *Johns. Rep.* 274.)  *Sugden*, in his *Law of Vendors*, p. 162., sums up the law upon this subject, with accuracy and precision; " thus," he says, " a vendor cannot bring an action for the purchase money, without having executed the conveyance, or offered to do so, unless the purchaser has discharged him from so doing; and, on the other hand, a purchaser cannot maintain an action for breach of contract, without having tendered a conveyance and the purchase money."  To entitle the purchaser to recover back a deposit, or part of the consideration money paid in advance, he must put the vendor in default, by tendering the money, and demanding a conveyance.  I will not say, because it is unnecessary to this case, that the purchaser must tender the conveyance, though I apprehend that such is the law in *England*.  Although the plaintiff is re-

mediless here, if he chooses to go on with his purchase, he must resort to another forum.

Judgment for the defendants.(*a.*)

(a) *Vide Robb v. Montgomery,* ante p. 15.