## Foote *vs.* West.

In a case between vendor and vendee of real estate, where the latter being entitled to a conveyance in fee simple, demanded it of the vendor, who offered him a perpetual lease, reserving rent, and refused to give any other; *held*, that the vendee might prosecute at once on the agreement, without waiting to have a conveyance prepared and presenting himself to receive it.

Where the defendant, by a written agreement, in consideration of a sum of money, admitted to have been paid by the plaintiff, agreed to execute to him "a good and sufficient deed" of a particular pew in a church; and it appeared that the church was built pursuant to articles of subscription, by the terms of which the pews were all to be leased in perpetuity, subject to an annual rent, and that the religious society gave no title to pews other than such leases reserving rent, and that the plaintiff, at the time the agreement was made, had knowledge of these facts; *held*, notwithstanding, that the plaintiff was not obliged to accept such lease as a performance of the defendant's agreement.

Error to the Saratoga common pleas. West sued Foote before a justice of the peace and declared in *assumpsit*, upon the common counts, and also for the breach of an agreement in the following words:

"For and in consideration of one hundred dollars, the receipt whereof is hereby acknowledged, I hereby sell unto Samuel C. West one body pew, being number thirty-three in the Presbyterian church at Saratoga Springs, and hereby agree to execute unto the said Samuel C. a good and sufficient deed for the same within one year from the date hereof; the said Samuel to take immediate possession thereof, and to have the free occupation thereof from the present time. August 20th, 1842.

DANIEL A. FOOTE."

Plea, the general issue, with notice of special matter. The plaintiff recovered one hundred dollars before the justice, and the defendant appealed to the common pleas. On the trial in that court, the plaintiff proved the execution of the agreement, and that shortly before the commencement of the suit he requested the defendant to execute to him a deed of the pew referred to. The defendant proposed that he should receive, and

offered him a lease in perpetuity executed by the society, conveying his pew subject to a rent of sixteen dollars *per annum*, which he said was the kind of conveyance that other pewholders received. The plaintiff claimed a conveyance not subject to rent, and that it should be executed by the defendant himself, and insisted that by the agreement he was entitled to such conveyance. The plaintiff rested, and the defendant moved for a nonsuit, insisting, among other things, that the plaintiff should have demanded such a deed as he was entitled to, and then have waited a reasonable time for it to be prepared and executed before bringing his action ; which motion was denied : and then the defendant proved that the church edifice referred to in the agreement was erected by subscription, and was finished in June, 1842, and that a public sale of the pews had taken place ; prior to which the trustees, with the assent of all the subscribers, had by resolution fixed the rent ·to be reserved on each of the body pews at sixteen dollars *per annum ;* that a conveyance to the plaintiff for pew No. 33, had been made out and executed under the seal of the religious corporation, and was ready for delivery when called for at the office of the attorney of the corporation, and had been offered to the plaintiff prior to the commencement of the suit. This conveyance was produced, and by it an annual rent of sixteen dollars, payable quarterly, was reserved. The defendant's counsel then offered to read this conveyance in evidence, and in connection with it to produce and prove the original subscription under which the church was erected, (to which, however, neither of the parties to this suit were subscribers,) which provided, among other things, that the pews should be sold at auction, for not less than one hundred dollars each, and conveyed in fee to the purchasers subject to an annual rent, which was to be appropriated towards the minister's salary, the resolution fixing the rent at sixteen dollars ; that at the sale of pews made pursuant to the subscription paper, the defendant purchased pew No. 33; a formal tender of the conveyance before mentioned to the plaintiff, and that at the time the written agreement on which the suit was brought was executed, the plaintiff was acquainted with the terms of the ori-

ginal subscription, and knew the fact of the sale of the pews, the resolution respecting the rent, and that the only title given by the society was a lease reserving rent. The plaintiff's counsel objected to the evidence so offered, and the court expressing the opinion that such a conveyance as the one referred to would not be a compliance with the written agreement of the defendant, sustained the objection and excluded the evidence, and the defendant's counsel excepted. The plaintiff obtained a verdict for $114, upon which the common pleas gave judgment. A bill of exceptions was duly signed:

*J. C. Hulbert,* for the plaintiff in error.

*A. Bockes,* for the defendant in error.

*By the Court,* Jewett, J. · No question was raised in the court below or on the argument here as to the amount of damages which the plaintiff was entitled to recover, if entitled to recover any thing. The counsel for the plaintiff in error insists, first, that the plaintiff below was bound to demand of the defendant such deed as he claimed he was entitled to have under the agreement, and to wait a reasonable time for the defendant to make out and deliver such deed, and then to have presented himself to receive it. Such, no doubt, is understood to be the rule between vendor and vendee, when by the terms of the contract concurrent acts are to be performed by the parties. (*Hudson* v. *Swift,* 20 *John. R.* 24; *Hackett* v. *Huson and Youngs,* 3 *Wend.* 249; *Fuller* v. *Hubbard,* 6 *Cowen,* 13; *Heard* v. *Wadham,* 1 *East,* 627; *Seton* v. *Slade,* 7 *Vesey, jr.* 278; *Tinney* v. *Ashley,* 15 *Pick.* 546.)

The plaintiff did, as the evidence shows, in the winter of 1844, shortly before the suit was commenced, demand such deed as his contract called for of the defendant, who instead of manifesting a willingness to execute such deed at any time, refused, and insisted that the plaintiff should receive a deed from the Trustees of the Presbyterian Society at Saratoga Springs, for the pew which he had contracted to convey to the plaintiff, subject

Foote *v.* West.

to and upon condition that he or his representatives should pay yearly to said trustees the sum of sixteen dollars in quarter yearly payments. Such position taken by the defendant made it unnecessary for the plaintiff to wait any time for the defendant to execute the deed, to which he was entitled by the contract. The contract was then broken by the defendant, and a right of action accrued to the plaintiff. The defendant contracted to execute to the plaintiff a good and sufficient deed for the conveyance of the pew within one year from its date. The time had elapsed, and a demand had subsequently been made for the deed, which was refused.

The plaintiff in error also insists that the purchaser in this case was bound to receive the conveyance offered him from the trustees of the society, subject to the payment of the annual rent of sixteen dollars. It seems to me that this conveyance was not the title agreed to be given. If such conveyance was the one the parties contemplated, when they made their agreement, it is enough to say, the defendant most singularly failed in its description in his written contract.

The evidence offered by the defendant on the trial and rejected by the court was wholly immaterial to the issue, and was therefore properly excluded. The court below committed no error that I can discover, in its various decisions made on the trial, and the judgment must consequently be affirmed.

Judgment affirmed.