Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought to recover a sum of money, which had been paid upon the purchase of a tract of land, with an agreement that title should be made upon payment of the balance. The land was afterwards sold under a decree in favor of a previous vendor, for the balance unpaid upon that contract. Sims, .the plaintiff in error, was a party to the suit in equity, and agreed for the sum of $25, which was paid to him, to make no defence. He made none, the decree was rendered, the sale made, and the purchaser under that sale is in possession.
On the trial, the counsel of Sims asked the court to instruct the jury, that unless the plaintiff prove that he had tendered the balance of the purchase money, the law was for the defendant. This instruction was properly refused.
A purchaser cannot recover back money paid, unless he shows that he stood ready and offered to pay, according to his contract, the balance, or shows that the contract has been rescinded. Green v. Green, 9 Cow. 49; Hudson v. Swift, 20 Johns. 24; Morrison v. Ives, 4 S. & M. 652; Sugd. Ven. 279.
In this case, the acts of the defendant clearly amounted to a rescission on his part. By suffering the land to be sold under a previous lien, and receiving a sum of money for failing to defend the suit, he manifested an undoubted .intention to abandon the sale to Boaz. This gives him a right to have his money back.
The judgment is affirmed.