Monell, J. (dissenting.)
It is not necessary for me to add any thing to the opinion delivered by me at the special term, that the words in the contract, “ to be occupied for a Jewish synagogue,” are to be regarded in the light of a condition, and not of a covenant. This was substantially admitted on the argument. It is clear, therefore, that the deed finally tendered *392 containing the covenant, was not a compliance with the terms of the contract; nor was it such a deed as the plaintiff was bound to receive. The question then is, has the plaintiff shown enough to entitle him to rescind the contract, and recover 'his deposit ?
If a demand by the plaintiff of a deed was necessary, the evidence, I think, is sufficient to show that it was rendered unnecessary, by the neglect of the defendant to execute or deliver any other deed than the one containing the covenant.
Mr. Gleason, a witness for the defendant, testified, that he tendered the deed prepared by the plaintiff, and that the plaintiff refused it, . because the words “ or first class dwelling houses” had been stricken out. No other deed was offered. He relates a conversation with Mr. Swain, one of th,e plaintiff’s attorneys, and said he thought Swain pointed out the objectionable clause in the deed, and said, “ if I would strike it out he would take the deed.” The defendant testified, that the plaintiff objected to the deed, and wanted the written agreement stricken out. That their objection to the deed was, that they could not use the premises for any purpose but a synagogue, and they objected to the covenant in the deed on that account.
It is undisputed, that the only deed tendered contained the objectionable .covenant. It is also indisputable, that at no time did the defendant offer or evince a willingness to deliver any other deed. The evidence, perhaps, does not show that the plaintiff demanded a deed, executed in the precise terms of the contract; but it does show, that they always objected to the deed tendered, and on the ground that it restricted the use of the property.
Taking the averment in the- answer, that the defendant offered such deed, and the proof on the trial that it was the only deed tendered, and that the plaintiff refused to receive it because the covenant was in, and it is quite equivalent to evidence of a refusal to deliver any other deed, and was, therefore, a waiver of a demand, if one was necessary. The disagreement of the parties arose from the covenant in the deed; and *393 the language of the whole case is, that the defendant insisted the covenant should remain, and the plaintiff objected. This excused a specific demand,«and even rendered a tender of performance unnecessary, it being evident that the defendant would refuse to execute any other deed. A refusal by one party to perform, always excuses a demand of performance by the other. (Driggs v. Dwight, 17 Wend. 71.)
The performance by the parties, in this case, was to be simultaneous. The deed was to be given, and the money paid at the same time. The tender of the purchase money entitled the plaintiff to the deed, and the case would not be strengthened if they had, in addition, demanded it,,
But, I think, the plaintiff's readiness to perform and tender of performance, was all that was required under the facts of the case, and that no specific demand was necessary.
The rule, is uniform at law, and in equity, that where a party refuses to perform, or puts it out of his power to perform, no demand by the other party is required.
Thus, in Driggs v. Dwight, (supra,) a tenant who had been refused possession by the landlord of leased property, recovered damages without showing any demand.
In Foote v. West, (1 Denio, 544,) the defendant agreed to sell a church pew, and to execute a good and sufficient deed therefor. At the time appointed, he offered to the plaintiff a lease in perpetuity, executed by the church society, conveying the pew subject to a rent. The plaintiff claimed a deed not subject to rent, and that it should be executed by the defendant. On this proof, the plaintiff rested, and the defendant moved for a nonsuit, on the ground that the plaintiff should have demanded such a deed as he was entitled to, and then waited a reasonable time for it to be prepared and executed. The motion was denied, and the court, in banc, says: “ Such position, taken by the defendant, made it unnecessary for the plaintiff to wait any time for the defendant to execute the deed to which he was entitled by the contract. The contract was then broken by the defendant, and a right of action accrued to the plaintiff.”
*394 In Bellinger v. Kitts, (6 Barb. 273,) where the defendants refused to convey, it'was held that an offer and readiness to perform, on the part of the plaintiff, was enough. Stone v. Sprague, (20 Barb. 509,) and Flynn v. McKeon, (6 Duer 203,) are to the same point.
In the case before us, it would have been a vain and idle performance to have demanded any deed other than the one the defendant tendered, and the law never imposes the performance of a fruitless duty. The evidence makes the case clear to my mind, that the defendant did not intend, at any time, to recede from his position, that the covenant should be in the deed; and no demand or tender would have changed that determination, It would have been idle, therefore, to have gone through the ceremony of a demand or tender.
Time having been made of the essence of the contract, (Wells v. Smith, 7 Paige, 22,) a specific performance could not now be enforced, and the plaintiffs would be without remedy or redress, if they are to be put in default by reason of not having demanded a performance, when performance would inevitably have been refused,
I see no reason for changing the views I entertained at special term. Indeed, the careful examination I have given the case, has confirmed me in the decision I then made.
I am, therefore, in favor of affirming the judgment.
New trial granted.