Henry H. Morange, Respondent, *v.* Peter Morris, Appellant.

Under an agreement to execute and deliver a proper deed, for the conveying and assuring the fee simple of certain real estate, free from all incumbrances except mortgages as set forth in the agreement, the vendee was ready and willing, on his part, to comply with the conditions of the contract, upon the day named therein; but the vendor was unable to convey said real estate free from all incumbrances, except those named in the agreement, the same being then and afterward incumbered with liens and charges for taxes and assessments.

Upon an action by the vendee, to recover the amount paid by him as part of the purchase-money under said agreement, it was *held*, that the existence of these incumbrances, at the time fixed for the execution and delivery of the deed, was a breach of the agreement on the part of the vendor.

The vendee was under no obligation to pay his money to the vendor, and trust to a remedy, by action for damages, in case the latter should fail to remove the incumbrances.

Appeal from a judgment of the Supreme Court, in the first district, affirming a judgment upon a verdict in favor of the plaintiff, which was ordered on the pleadings.

The complaint stated that on the 5th August, 1857, the parties entered into an agreement in writing, under seal, whereby the defendant agreed to sell to the plaintiff ten certain lots of land therein described, in the city of New York, for the sum of $30,000, which the plaintiff agreed to pay to the defendant in the manner following: $1,500 on the execution of the agreement, the receipt of which was acknowledged; $13,500 in cash on the 21st September then next, and by assuming four certain mortgages therein described, amounting to $7,500, and the balance of $7,500, by the bond and mortgage of the plaintiff on said lots, upon the terms and conditions specified in the agreement. And the defendant agreed that, on receiving such payments in cash and the bond and mortgage aforesaid at the time agreed on, he would execute and deliver to the plaintiff, "a proper deed for the conveying and assuring to him" the fee simple of said lots, "free from all incumbrances except said mort-

gages." The complaint further stated that the plaintiff paid the sum of $1,500 on the execution of the agreement, and that on the said 21st September was ready and willing to perform the other conditions on his part; but the defendant did not then perform on his part, and was unable to convey to the plaintiff the fee simple of said lots free from all incumbrances except those mentioned in the agreement; and that on that day said lots were, and ever since have been, incumbered with certain liens and charges for taxes and assessments theretofore imposed upon said lots, amounting to the sum of $1,615.96, by reason whereof the plaintiff rescinded said agreement, and demanded that the defendant repay said sum of $1,500, which he refused.

The answer denied the agreement set out in the complaint, and admitted the making of an agreement substantially like it in all respects, except that the lots were sold subject to a certain lease which had about three years unexpired, and the plaintiff was to have the quarter's rent due on the 1st August, 1857. The answer admitted the payment of the $1,500; averred that on the 21st September defendant had a good title in fee, and was able and willing to convey the lots free from all incumbrances except those mentioned in the agreement, and that he executed and tendered a deed sufficient for that purpose to the plaintiff and demanded that he perform his part of the agreement; but he refused, and alleged, as the only reason for such refusal, that the lots were subject to said lease. The answer admitted that on the 21st September the lots were, and ever since have been, incumbered with the liens for taxes and assessments set up in the complaint, but averred that defendant was willing, on said 21st September, to pay said liens, and would have done so at that time had plaintiff been ready and willing to perform the agreement, or had he objected to perform it for the reason that said liens were unpaid. The answer set up a counter claim for one quarter's rent of said lots, due 1st August, 1857, in advance, received by plaintiff, amounting to $125.

On the trial the plaintiff's counsel moved for judgment upon the pleadings, on the ground that it was averred in the

complaint, and admitted by the answer, that, on the 21st September, 1857, said lots were, and ever since had been, incumbered with said liens for taxes and assessments, imposed before that day, and therefore the defendant was then, and ever since had been, unable to convey to plaintiff the fee simple of said lots free from all incumbrances except those mentioned in the agreement. Thereupon the court ordered a verdict for the plaintiff for the amount claimed in the complaint, less the amount of the counter claim set up in the answer, with interest.

*J. H. Reynolds*, for the appellant.

*H. H. Morange*, for the respondent, in person.

Smith, J. By the terms of the agreement the plaintiff was to pay the sum of $13,500 in cash, and by assuming the mortgages mentioned in the agreement, and to execute his bond and mortgage for the remaining $7,500, on the 21st September, 1857; and the defendant, on receiving such payments, and the bond and mortgage at that time, was to convey to the plaintiff the lots in fee, free from all incumbrances except said mortgages and the lease. These several acts were to be performed at the same time, and the obligations of the parties, in respect to them, were therefore mutual and dependent. (*Gardiner* v. *Corson*, 15 Mass. 500; *Grant* v. *Johnson*, 1 Seld. 247; *Holmes* v. *Holmes*, 5 id. 525; *Beecher* v. *Conradt*, 3 Kern. 108.)

Ordinarily, it is incumbent on each party to an agreement creating mutual and dependent obligations, to perform, or tender a performance, on his part, in order to put the other party in default. There may be circumstances, however, which will excuse a party from such performance, and enable him to take advantage of the default of the other party, although he has not performed, or offered to perform, on his own part. A tender of performance need not be made when it would be wholly nugatory. For example, if the vendor in the present case had expressly notified the plaintiff, before the 21st September, that he would not convey, and there-

fore the plaintiff need not tender the payment which the agreement required to be made on that day, he would have been excused from making the tender, as it would have been an idle ceremony. In like manner, the conceded inability of the vendor to perform excuses a tender of performance by the vendee.

In the present case the vendor was unable to perform his agreement, for the reason that the premises were incumbered with the liens for taxes and assessments admitted in the answer. By his agreement he was not only to convey a title in fee simple, but he was to convey and assure it free from all incumbrances except as therein specified, and the incumbrances referred to were not within the exception. The existence of the incumbrances, at the time fixed in the agreement for the execution and delivery of a deed, was a breach of the agreement on his part, which put it out of his power to perform, and excused the plaintiff from tendering payment. (See *Holmes* v. *Holmes*, 12 Barb. 137; *S. C. affirmed*, 5 Seld. 525.)

The averment in the answer that the defendant would have discharged the incumbrances on the 21st September, if the plaintiff had been ready and willing to perform on his part, is wholly immaterial. The act of conveying the premises, free from all incumbrances, was to be concurrent with that of the payment of the purchase-money. The plaintiff was under no obligation to pay his money to the vendor, and trust to a remedy by action for damages in case the vendor failed to remove the incumbrances. It was the duty of the defendant to have caused them to be discharged before the time arrived at which he had stipulated to convey.

Equally immaterial is the averment that the defendant would have discharged the incumbrances on the 21st September, if the plaintiff had objected to perform for the reason that they were unpaid. By objecting to the deed, on the ground that it was subject to the lease, the plaintiff did not waive the objection that the premises were incumbered, nor subject himself to the alternative of accepting a deed subject to the incumbrances, or forfeiting what he had paid. This

view of the case is not in conflict with the cases cited by the appellant's counsel. In *Boardman* v. *Sill* (1 Camp. 410), and *White* v. *Gains* (2 Bing. 23), a bailee of goods was held to have waived his lien for charges by claiming to be the general owner. In *Winne* v. *Reynolds* (6 Paige, 407), and *McWhorter* v. *McMahon* (10 id. 386), bills were filed for a specific performance. In the former there was a trifling incumbrance, known to the vendee when he contracted, easily removable, and time was not of the essence of the contract. In the latter, the incumbrance was merely nominal. In *Carman* v. *Pultz* (21 N. Y. 551), there was a defect in the form of the deed, which could have been remedied if it had been pointed out. These cases have no bearing upon the question before us.

I think the judgment should be affirmed.

Davies, Ch. J., and Porter, Hunt and Leonard, JJ., concurring,

Affirmed.