MARCELLUS HARTLEY, Respondent, *v.* EDWARD D. JAMES et al., Appellants.

In an action against a vendor to recover back a payment made upon an executory contract for the sale of land, an abstract of title of the land agreed to be conveyed, furnished by him to the vendee, to aid in making a search, is competent evidence against the defendant as showing his claim of title, and this followed by proper evidence, showing that the title thus claimed is defective, makes out a *prima facie* case, putting defendant to proof of any other and better title, if any he has.

Under such a contract the vendee is not bound to accept a title resting upon adverse possession.

Where the vendor's title is defective, and the vendee upon ascertaining it refuses to take such title, and demands the return of the payments made upon the contract, and the vendor instead of ascertaining the objections and taking measures to cure the defects simply holds himself ready to convey such title as he has, and requests the vendee to accept it, giving him notice that he will be held for any loss; the vendee is not called upon to make any other or further tender, or offer of payment, in order to entitle him to recover back the money paid.

(Argued June 6, 1872; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought upon a contract between the parties for the sale of certain premises situate in the city of New York, plaintiff claiming the right to disaffirm the contract, and asking to recover back a payment made thereon and expenses incurred, on the ground that defendants could not make a good title to the premises.

The objections to the title are confined principally to a narrow strip or alley, about twelve feet wide, running diagonally across the lower part of the lots in question.

James A. Stewart died about the year 1813, having made a will, seized of this strip of land. Sarah Stewart, his widow, died soon after her husband, leaving their two sons, John James Stewart and William James Stewart, surviving.

William James Stewart, on the 19th day of November, 1821, executed a paper purporting to be a deed of assignment to John L. Norton, Walter F. Osgood and John James Stewart. At the time of the execution of this deed Stewart had a wife who did not join. Stewart is deceased, leaving his widow surviving.

In the year 1839 Walter F. Osgood executed an instrument assigning all his right, title and interest in all the premises covered by the last mentioned assignment to John James Stewart.

John L. Norton in the year 1839 executed a paper declaring his non-acceptance of the trust, and relinquishing all manner of claim thereto.

Previous to the execution and recording of the last two mentioned papers in the year 1826, by deed dated October 14, 1826, the said John James Stewart and his wife executed a deed to Francis Dubuar of the strip of land in question. And thence through various mesne conveyances the title came to defendant, Sarah James.

The referee found the title defective in that the deed from John James Stewart to Dubuar was void as to the interest of William James Stewart in consequence of the non-joinder of the co-trustees; that the outstanding dower right of the widow of William James Stewart made the title defective.

Upon the trial plaintiff offered in evidence a copy of an abstract of title furnished him by counsel of defendant to aid in the search. The original was returned, and notice was served upon defendants to produce it. The copy was received under objection. Other questions upon the evidence appear in the opinion.

*A. J. Parker* for the appellants. Schofield had a perfect title to the strip of land by adverse possession. (*Humbert* v. *Trinity Church*, 24 Wend., 587; *La Fromais* v. *Jackson*, 8 Cow., 589; *Livingston* v. *Peru Iron Co.*, 9 Wend., 511; *Bradstreet* v. *Clarke*, 12 id., 602.) The dower right of the widow of W. J. Stewart was barred. (3 R. S., 5th ed., 33, § 18; *Brewster* v. *Brewster*, 32 Barb., 428; Code, § 78.) The *onus* of proving the title bad rests with the plaintiff. (*Dowdall* v. *Camp*, 11 John., 451, 525; 13 John., 359; 14 id., 363; *Lawrence* v. *Taylor*, 5 Hill, 107.) The grantor being in possession, is presumed to be the owner, and the grantee cannot refuse his deed without showing title out of him. (Voorhies' Code, 8th ed., 93; *Miller* v. *Garlock*, 8 Barb., 153; *Carey* v. *Goodman*, 22 N. Y., 174; *Blank* v. *Aitkin*, 15 Wend., 522; *Hill* v. *Draper*, 10 Barb., 445.) An offer to perform and a demand of a deed according to the contract were indispensable to plaintiff's right of action. (*Van Benthuysen* v. *Casper*, 8 John., 257; *Hudson* v. *Swift*, 20 id., 27; *Green* v. *Green*, 9 Cow., 46; *Robert* v. *Montgomery*, 20 John., 15; *Sage* v. *Ramsay*, 2 Wend., 532; *Greenby* v. *Cheever*, 9 John., 126; *Harrington* v. *Higgins*, 17 Wend., 376.)

*Geo. W. Stevens* for the respondent. No power of sale or right to collect rents, issues or profits being vested in the executors, they took no fee. (*Brewster* v. *Striker*, 2 Comst., 19; *Chittenden* v. *Fairchild*, 41 N. Y., 289; *Quinn* v. *Skinner*, 43 id., 99.) An objection to admitting in evidence an instrument must define the precise grounds of objection. (*Norman* v. *Wells*, 17 Wend., 136; *West Point Iron Co.* v. *Reymert*, 45 N. Y., 703.) A widow has her whole life in which to bring her action of dower. (Laws of 1806, 616; 1 Rev. Laws 1813, 60; *Stewart* v. *Smith*, 14 Abb., 75.) Where a power in trust is vested in two or more, all must execute although one may have renounced. (*Champlin* v. *Parish*, 3 Edw., 581; *Dominick* v. *Michael*, 4 Sand. S. C. R., 374; *Roome* v. *Philips*, 27 N. Y., 357; *Thatcher* v. *Candee*, 33 How. Pr. R., 145.) The possession of S.'s tenant was not an adverse

possession as against the heirs-at-law. (*La Fromais* v. *Jackson*, 8 Cow., 589; *Livingston* v. *Peru Iron Co.*, 9 Wend., 511.)

ALLEN, J. I am of the opinion that the copy of the abstract of title was not competent evidence of the several conveyances mentioned in it or of the title, to the premises in question. The original was handed to the plaintiff's counsel as a memorandum or abstract of title, to aid him in making a search in the proper offices, and was competent as showing the claim of title by the defendants. This, followed as it was by proper evidence, and the introduction in evidence of the several conveyances, and showing that the title thus claimed was defective as to a portion of the premises which the defendants had agreed to convey to the plaintiff, made a *prima facie* case against the defendants, and put them to proof of any other or better title, if any they had. This was probably the only effect given to it by the referee.

It is suggested that there is no other evidence of several of the conveyances found by the referee, but if that be so and they be stricken out, the only effect will be to leave the title of the defendants defective as to other parts of the premises. Those conveyances are in aid and support, and not in impeachment of the defendants' title, and no prejudice could possibly have come to the defendants by regarding those conveyances as in evidence. It must be borne in mind that both parties gave such evidence as was within their reach in respect to the title. The plaintiff made a *prima facie* case by showing the title apparently defective, and such as he was not bound to accept under the agreement, and the defendant gave such evidence as he could in support of the title, and it was upon the whole evidence the referee pronounced. So, too, the certificate of the proof of the deed from William James Stewart to John James Stewart, Norton and Osgood was probably defective, but if that is stricken out, a principal link in the chain of the defendants' title is broken, and they are in a worse condition than if the deed had not been in evidence.

If it had been excluded, the plaintiff might have claimed that the title was hopelessly defective. The witness by whom the deed was proved did not state upon his examination that he subscribed the deed at the time of its execution or delivery as a witness thereto or that he knew the grantor therein, and in those respects the certificate was defective and the exemplification of the record was not competent evidence. (1 R. L., 369, § 1; *Henry* v. *Bishop*, 2 W. R., 575; *Hollenback* v. *Fleming*, 6 Hill, 303; *Jackson* v. *Osborn*, 2 W. R., 555; *Same* v. *Gould*, 7 id., 364; *Rogers* v. *Jackson*, 19 id., 383.) But the defendants have sustained no damages and the result of the action has not been affected by the admission of this deed in the abstract of title, and the rule is well settled that when the court can see that the party has not been prejudiced by the erroneous admission of evidence, it will not be cause for reversal of a judgment. There were probably some concessions or some evidence upon the trial which is not spread upon the record. Some of the findings of the referee, of which there is no complaint, were without evidence, so far as appears by the record. But be that as it may, it is very evident that to a strip of land twelve feet in width, traversing diagonally the contracted premises, and being a part of the premises agreed to be conveyed, the defendants had no paper title, or such a paper title as was sufficient in the law, and the plaintiff was not bound to accept a title resting upon adverse possession, had such title been shown.

The defendants claimed upon the trial, and now insist that they had not been put in default by any proper tender or offer of performance by the plaintiff, or demand by him of a conveyance of the premises. The general rule is, that when the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the non-performance or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party. (*Tinney* v. *Ashley*, 15 Pick., 546.)

In this State the rule is, that he must also tender performance on his part. (*Hudson* v. *Swift*, 20 J. R., 24; *Robb* v. *Montgomery*, id., 15; *Green* v. *Green*, 9 Cowen, 46; *Sage* v. *Ranney*, 2 W. R., 532; *Greenby* v. *Cheevers*, 9 J. R., 126; *Fuller* v. *Hubbard*, 6 Cowen, 13.) The necessity of a formal tender or offer of performance by the one party, and a demand of performance by the other may be obviated by the acts of the party sought to be charged, as by his express refusal to perform, or by putting himself in a position in which performance is impossible. Mere defect of title in the vendor and a present inability to give such a title as the contract calls for, may not, in all cases and under all circumstances, dispense with a tender of payment and a demand of a conveyance by the vendee in order to entitle the latter to maintain an action for the money already paid, or to defend an action for the purchase-money, if the payment becomes due before a deed is to be given by the terms of the contract. Under some circumstances, the court will not hold a contract void by reason of the inability of the seller to make a perfect title, but will put the purchaser to a tender of payment and a demand of the deed, to the end that the seller may make his title good. (*Harrington* v. *Higgins*, 17 W. R., 376; *Green* v. *Green*, *supra*; *Greenby* v. *Cheevers*, *supra*.) If a seller of lands, by an executory contract of sale before the day of performance, gives notice of his intention not to perform, or absolutely refuses to perform, or on being applied to is unable to perform, or offers a defective title, a formal tender and offer of payment and demand of a deed by the purchaser is not necessary to entitle him to treat the contract as rescinded, and recover back what he has paid thereon. (*Franchot* v. *Leach*, 5 Cowen, 506; *Lawrence* v. *Taylor*, 5 Hill, 107; *Foote* v. *West*, 1 Den., 544.) In *Foote* v. *West*, the title offered was a perpetual lease, subject to rent, the vendor being entitled to a conveyance in fee simple, and it was held the vendee might sue at once on the contract.

*Holmes* v. *Holmes* (5 Seld., 525) was an action for the non-performance of a contract for the conveyance of real property,

and the vendor, on the day appointed for the payment of the price and the delivery of the deed, said he was unable to convey the premises free from incumbrance, and a formal tender of the money was waived. The action was sustained, although the plaintiff had averred a tender of coin.

*Morange* v *Morris* (3 Keyes, 48) was an action to recover the money that had been paid upon an executory contract for the purchase of lands in New York city, as upon a rescission of the agreement. The defendant had tendered a deed of conveyance sufficient in form, but the lands were incumbered by taxes and assessments which the defendant was willing to pay, but the plaintiff refused to accept the deed and brought his action, and was allowed to recover. In this case, by the defendant's own showing, the plaintiff after examining the title gave notice that he would not take the title to the property and demanded the repayment of his money, and the defendants, instead of ascertaining the objections and taking measures to cure the defects and obviate the objections, simply held themselves ready to convey such title as they had, and requested the plaintiff to accept it, giving him notice that he would be held for any loss. The referee has found, upon sufficient evidence, the title defective as to a part of the premises, and it follows that the plaintiff was not bound to part with his money for it, and was entitled to treat the contract as rescinded. Had the defendants at once, and as soon as the title was objected to, perfected their title and within a reasnable time tendered a good and sufficient deed of conveyance, they could have probably held the plaintiff to his contract, but this they omitted to do, and the plaintiff's right to recover cannot under such circumstances be disputed. The plaintiff was not called upon to make any other or further tender or offer of payment under the circumstances.

The judgment must be affirmed.

All concur.

Judgment affirmed.