## WOOD v. SQUIRES.

*Statute of limitations — stale demands — Title by tax sale — when not barred — Assessments — lien of.*

In December, 1873, S. agreed to purchase certain real property in Brooklyn, and W. to convey free from incumbrance. In 1847, the premises in question had been sold at tax sale, and had never been redeemed. By the statute under which the sale was made (Laws 1844, chap. 180, § 49), the purchaser was entitled to possession immediately after the sale, but he never at any time attempted to control the premises, and they were not occupied by any one in such manner as to constitute adverse possession. In 1851 and 1852, assessments were made upon the premises, which were, by the statute (Laws 1848, chap. 90, § 24; 1851, chap. 91, title 4, § 20), liens upon such premises, and which were never discharged. *Held,* that neither the claim of title of the purchaser at the tax sale, nor the liens of the assessments were barred either by the statute of limitations or the rules of law relative to stale demands, and both the sale and assessment were valid incumbrances which S. was entitled to have discharged before completing his contract.

SUBMISSION under Code, § 372. The facts sufficiently appear in the opinion.

*Theodore F. Jackson,* for plaintiff.

*Clement & Crooke,* for defendant.

TALCOTT, J. By the statements contained in this case it appears that the parties in December, 1873, entered into an agreement in writing, whereby the plaintiff, Loftis Wood, agreed to sell and the defendant Alfred C. Squires to purchase a certain lot of land on Humboldt street in Brooklyn. Squires was to pay on said purchase the sum of $400 on January 3, 1874, and give his bond and mortgage for the balance of the purchase-money. On the 3d

day of January, 1874, Wood executed, acknowledged and tendered to Squires a deed conveying the premises to Squires in fee with covenants of warranty and against incumbrances, "and other usual full covenants," and demanded the payment of the $400, and the execution of the bond and mortgage.

In January, 1851, an assessment was levied upon the premises, and confirmed by the trustees of the village of Williamsburgh, and in July, 1852, another assessment was levied upon the same premises and confirmed by the common council of the city of Williamsburgh. The first of said assessments was for $50, and the second was for $69. These assessments it is admitted became at their several dates valid liens on the premises, and warrants were issued thereon to the collectors, the same returned uncollected, and the same stand upon the record unpaid and undischarged. No sale of said premises has ever taken place on either of said assessments. On the 29th day of November, 1847, the premises were duly sold by the trustees of the village of Williamsburgh for an unpaid tax to George W. Niles, for the term of forty-five years, and a declaration of sale was duly issued to said Niles; and in October, 1851, the premises were again sold by said trustees for another unpaid tax to George Ricard for one hundred years, and a declaration of sale duly issued to Ricard. The sales appear on the records as unredeemed and uncanceled, but neither of the vendees has ever entered into the actual possession of the premises or exercised control over the same.

Squires objects to complete his contract because of the said outstanding assessments and the said sales. Wood, the vendor, insists that the liens of the assessments on which no sale has been had are barred by the presumption ·of payment arising from lapse of time, and that the claims of Niles and Ricard under the sales are barred by the statute of limitations, more than twenty years having elapsed since the title of said purchasers accrued, without any steps taken to obtain possession. It is agreed that all the proceedings upon the assessments and upon the sales in 1847 and 1851 were valid and effectual, and according to the provisions of the law.

The question intended to be submitted to the court apparently is, whether the vendor is bound to clear away the apparent incumbrances and outstanding titles, before he can compel a performance of the contract on the part of the vendee.

As to the sales to Niles and Ricard, this seems to be quite plain. By section 49 of the act to condense and amend the several acts

relating to the village of Williamsburgh, passed April 23, 1844 (Laws 1844, chap. 180), the sales and declarations of sale made in pursuance thereof gave the legal title to the purchaser for the time of the purchase. It does not appear from the case that the statute of limitations can constitute any defense against the titles of Niles or Ricard, for it does not appear that the premises have been held adversely to their titles at any time since such titles accrued. In fact it is not shown that the premises had ever been occupied at all. In the absence of an adverse possession the possession follows the legal title, and section 78 of the Code is to be read in connection with section 81.

The question as to the assessments upon which no sales have been made is more embarrassing, yet on the whole we think the vendor, before he can compel the vendee to accept the title, must clear away these assessments. The acts under which these assessments were levied (Laws 1848, chap. 90, § 24; 1851, chap. 91, tit. 4, § 20), declare that the assessment shall be a lien from the time of confirmation. No period at which the lien will expire is fixed by the statute, nor is any time specified in the statute after which the assessments shall be deemed discharged, or within which the proceedings provided for their collection shall be instituted. The statute creating an absolute presumption of payment after the lapse of twenty years, without part payment, or a written acknowledgment, has no application otherwise than by analogy to the case. It is by its terms confined to judgments rendered in courts of record, and to rights of action accrued on a sealed instrument. 2 R. S. 301. The general presumption of payment applicable to stale demands, which exists independently of the statute, might doubtless be applied to such a case, and would doubtless apply with great force as a question of fact and presumption, but nevertheless it is a question of fact. *Jackson* v. *Sackett*, 7 Wend. 94.

Upon the principles which have been settled on this subject we do not think the vendee is bound to take a title incumbered with this doubt. *Hartley* v. *James*, 30 N. Y. 58; *Morange* v. *Morris*, 3 Keyes, 48; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234. In the case last cited, FOLGER, J., delivering the opinion of the court, says: "If there be any reasonable chance that some third person may raise a question against the owner of the estate after the completion of the contract, the court considers this a circumstance which

renders the bargain a hard one for the purchaser, and one which it will not, in the exercise of its discretion, compel him to execute."

For the purposes of this case, then, we answer the fourth question contained in the case submitted to us, that the said assignments and sales stated in the case submitted are, and each of them is, a valid incumbrance on the premises described in the complaint, which the said defendant Squires is entitled to have discharged before performing his contract.

Judgment to be entered according to the stipulation in the case.

*Judgment accordingly.*