### HEWISON v. HOFFMAN.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

1. VENDOR AND VENDEE—TENDER OF PAYMENT.

Where, on the day named by the parties for delivery of the deed, the vendor is unable to perform because of the existence of incumbrances on the property, the vendee is excused from making any tender of payment, and is entitled to recover back the amount already paid, and the expenses of examining the title.

2. SAME—DEDUCTING INCUMBRANCES.

An offer by the vendor to deduct the amount of the incumbrances from the cash payments to be made by the vendee, which payments are in fact less than the incumbrances, is of no effect.

Appeal from trial term.

Action by Catherine M. Hewison against Mary Hoffman to recover $100 paid by plaintiff on a contract for the sale of real estate by defendant to plaintiff, and for $186 expended in examining title. Judgment for plaintiff, and defendant appeals.

*Joseph E. Newburger,* for appellant. *Armour E. Anderson,* for respondent.

DALY, J. On the day named in the agreement of the parties for the delivery of the deed, the vendor, the defendant, was unable to perform because of the incumbrances upon the property, which she was to convey to plaintiff. The existence of those incumbrances at the time fixed in the agreement for the closing of the title was a breach of the agreement on defendant's part which put it out of her power to perform, and excused the plaintiff from tendering payment. *Morange* v. *Morris,* \*42 N. Y. 48. Plaintiff was therefore not in default in not attending on the day named with the moneys or mortgage. By reason of the breach by defendant she was then entitled to recover back the $100 paid on signing the contract, and the $186 expended for searching title, and was not required to pay or tender anything to defendant then nor subsequently. The defendant did, at the time named, offer to allow the amount of the incumbrances to be deducted from the cash payment to be made by plaintiff, but as they exceeded the amount of such payment that offer did not meet the difficulty, so that there would not be any arrangement to that effect between the attorneys which would bind the plaintiff.

The plaintiff's attorney asked for an adjournment, which the defendant's attorney refused. Some days after, the plaintiff notified defendant by letter that she would attend at the office of the latter's attorney at a day and hour named to complete the contract. Defendant sold the property on or before the day named to another party, and did not attend, and never offered the plaintiff the title which she was bound to give under the contract. No point can therefore be made as to the sufficiency of the alleged tender by plaintiff on that day, because none was necessary then nor before. The judgment should be affirmed, with costs.