Misc.]                           Ziehen v. Smith.

652, the evidence was that the driver was driving the team at "a lively trot." The court say: "It cannot be held as matter of law or fact merely driving at the rate of speed stated in the streets of a city is negligence. Persons driving in the streets of a city are not limited to any particular rate of speed; they may drive slow or fast, but they must use proper care and prudence, so as not to cause injury to other persons lawfully upon the streets. There was no proof in this case, or at least not sufficient proof for submission to the jury, that the team was driven carelessly, or that the driver was negligent."

The judgment and order herein appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN WYCK and FITZSIMONS, JJ., concur.
Judgment reversed, new trial ordered.

---

## ZIEHEN v. SMITH.

### (Rockland County Court—February, 1893.)

Defendant, by contract of sale, agreed that he would convey and assure to plaintiff certain premises, by good and sufficient deed, subject to a mortgage of $1,000. Upon the execution of the contract, August tenth, plaintiff paid to defendant, on the purchase price, $500. Thereafter it was ascertained that there was another mortgage upon the premises, to foreclose which action had been brought prior to the execution of the contract of sale. The premises were sold and conveyed under the judgment in the foreclosure action. In an action brought to recover the $500 paid to defendant, *held*, that plaintiff was entitled to recover without proving either that he demanded of defendant a performance of the contract on his part, or tendered performance on his part.

MOTION for a new trial. The opinion states the case.

*Abram S. Demarest*, for plaintiff.

*Frank P. Demarest*, for defendant.

WEIANT, County J. On August 10, 1892, the defendant David J. Smith, by John J. Smith, his agent, and codefend-

ant in this action, entered into a written contract whereby he agreed to sell to the plaintiff in this action, a parcel of real property therein described for the consideration of $3,500, which was to be paid and secured as follows : $500 cash upon the execution of the contract; $300 cash on the 15th day of September, 1892; to assume a mortgage of $1,000 then upon the property, and for the balance of $1,700 the plaintiff was to give the vendor his bond and mortgage upon the said premises payable on or before one year after date.

The vendor agreed that he would " by good and sufficient deed, subject to a mortgage of $1,000, convey and assure to the plaintiff the said premises." The contract does not express in words when this conveyance was to be given, but the clear understanding appears from the entire writing to be that the payment of the $300, the giving of the $1,700 bond and mortgage on September 15, 1892, by the plaintiff, and the delivery of the deed by the vendor were to be concurrent acts. The plaintiff at the time the contract was entered into, paid the defendant David J. Smith, through his brother and agent John J. Smith, the $500 cash. Prior to the 15th day of September, 1892, the plaintiff caused a search of the title to be made and thereupon discovered that there was upon the premises, beside the $1,000 mortgage to be assumed, another mortgage to one John F. Shankey for $1,500, bearing date May 12, 1888, and recorded May 11, 1891.

The parties seem never to have had any communication with each other thereafter about the sale.

Mr. Andrew X. Fallon, an attorney and counselor, made a search of the title of this property, and on the same day called on the defendant John Smith, and asked him about the $1,500 mortgage. Smith replied that he " was to meet his attorney who would fix the matter."

He also testified that he repeated his statement to the defendant David J. Smith, who answered that he did not know anything about the $1,500 mortgage.

A suit for the foreclosure of this $1,500 mortgage appears to have been commenced and a notice of pendency thereof filed

therein in the office of the county clerk on July 21, 1892, and wherein a judgment was granted September 30, 1892, under which the premises were subsequently sold and conveyed.

Thus the matter stood without further interview or communication between the parties until the bringing of this action.

The action was tried and disposed of as one brought by a vendee against a vendor to recover back the $500 paid, and damages for the expense which the plaintiff incurred in his preparation to carry out the contract.

The complaint was dismissed as to the defendant John J. Smith, and as to David J. Smith the case was submitted to the jury, who rendered a verdict for the $500 and interest, and twenty-five dollars for the expenses of the search of title.

During the course of the trial, by motion, and upon the submission of the cause to the jury, by request, the defendant's counsel contended for the legal proposition, that in order that the plaintiff might recover he was bound to prove that he demanded of the defendant a performance of the contract, and tendered a performance on his part.

This the court refused to do. A motion for a new trial was then made upon the minutes and exceptions taken, which raised the questions that I am now called upon to decide.

There does not seem to be accord of authorities touching this question.

In *Hudson* v. *Swift*, 20 Johns. 24, which was an action to recover back part of the consideration money paid on a contract for the purchase of land, it was held that the plaintiff must show that he has tendered the residue of the purchase money and demanded a deed so as to put the vendor in default. This was a case, also, where the covenants were dependent, and the payment of the money was an act to be concurrently done with the giving of the deed.

In *Fuller* v. *Hubbard*, 6 Cow. 13, the vendee also sought to recover back the purchase money he had paid, and it was

there decided that where one agrees to convey on the payment of money, the vendee must not only tender or pay the money, but he must demand a conveyance, citing *Hudson* v. *Swift*, 20 Johns. 24. The plea of the plaintiff therein was of a judgment that was a lien upon the lands, and the judgment in his favor in the trial court was reversed. The same principle is laid down in *Green* v. *Green*, 9 Cow. 47, and the case of *Hudson* v. *Swift*, 20 Johns. 24, approved.

In *Hartley* v. *James*, 50 N. Y. 38, Judge ALLEN, writing the opinion, says, at page 42: " The general rule is that when the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the nonperformance, or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party." And again, " in this state the rule is, that he must also tender performance on his part." The learned judge cites with approval the cases above, and adds : " The necessity of a formal tender or offer of performance by the one party, and a demand of performance by the other, may be obviated by the acts of the party sought to be charged, as by his express refusal to perform, or by putting himself in a position in which performance is impossible. Mere defect of title in the vendor and a present inability to give such a title as the contract calls for, may not, in all cases and under all circumstances, dispense with a tender of payment and a demand of a conveyance by the vendee, in order to entitle the latter to maintain an action for the money already paid, or to defend an action for the purchase money if the payment becomes due before a deed is to be given by the terms of the contract. Under some circumstances the court will not hold a contract void by reason of the inability of the seller to make a perfect title, but will put the purchaser to a tender of payment and a demand of the deed, to the end that the seller may make his title good."

" If a seller of lands, by an executory contract of sale before the day of performance, gives notice of his intention not to

perform, or absolutely refuses to perform, or on being applied to is unable to perform, or offers a defective title, a formal tender and offer of payment and demand of a deed by the purchaser is not necessary to entitle him to treat the contract as rescinded, and recover back what he has paid thereon." The learned judge under each proposition cites authorities sustaining the same.

In *Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328, Chief Judge RUGER, expressing the opinion of the court, at page 335, says: " It is only when the nonperformance is of a condition precedent, or where such party has wholly refused to perform, or has wholly disabled himself from completing a substantial performance, that the other party is relieved from performance or a tender thereof."

Thus it seems to be clear that under the general rule the party charging the default of the other and seeking redress, where the acts are concurrent, must show a tender of performance on his part and a demand of performance by the other party, in order to maintain an action such as this.

The exceptions are, failure in performance of some condition precedent, or the refusal of the party charged to perform, on his part, or the impossibility or inability on his part to perform.

In this case there was neither, on the part of the defendant, as I understand the authorities. There is no pretense of a refusal of the vendor, as nothing ever passed between the parties on the subject of performance. He had no condition precedent to perform.

There is, however, the claim of inability of the defendant to perform. It does not seem to me that the existence of this $1,500 mortgage as a lien upon the premises on the day for closing of the contract was an inability such as the rule of law cited contemplates. It evidently means one which the defendant was powerless to overcome. Judge ALLEN, in the citation from his opinion in *Hartley* v. *James*, 50 N. Y. 38, used the words, " putting himself in a position in which performance is *impossible*." Chief Judge RUGER, in *Bogardus* v. *New*

*York Life Ins. Co.*, 101 N. Y. 328, uses the words, "has *wholly* refused to perform" or "*wholly disabled* himself from completing a substantial performance." In *Burwell* v. *Jackson*, 9 N. Y. 535, Judge SELDEN, at page 547, uses these words, "I think it may be assumed, therefore, that the law is that where the title of a vendor who has contracted to convey is *totally destroyed*, the vendee is not bound either to offer to perform on his own part or to require performance by the vendor, but may at once treat the contract as rescinded."

It seems to me that the plaintiff in this case has not the right in law to assume the inability of the defendant to remove this incumbrance at any time, even up to and at the time of completing the sale. *Friedman* v. *Dewes*, 33 N. Y. Super. Ct. 450. He might at the very time of the plaintiff's paying the balance of the purchase money and manifesting his readiness and desire to close the sale, have been able to have the incumbrance removed. In that respect the case differs from *Burwell* v. *Jackson*, 9 N. Y. 535, for there the title of the vendor was extinguished by the sale under the mortgage before the time to complete the sale under the contract. But the counsel for the plaintiff confronts my reasons and conclusions with authorities which do not seem distinguishable from this case. He cites *Morange* v. *Morris*, 3 Keyes, 48 ; 32 How. Pr. 178.

That was an action to recover by a vendee similar to this, and in the head-note it is laid down as the law, that when the several acts were to be performed at the same time and the obligations of the parties in respect to them were, therefore, mutual and dependent, that ordinarily, in such case, it is incumbent on each party to perform or tender a performance on his part in order to put the other party in default. But where the defendant was unable to perform his agreement for the reason that the premises were incumbered with liens, the plaintiff was excused from tendering payment and offering to perform on his part on the day specified. The case holds that the existence of the incumbrances at the time fixed in the agreement for the execution and delivery of the deed was a

breach of the agreement on the part of the vendor, which put
it out of his power to perform, and excused the plaintiff from
tendering payment.

But in that case it appears that the parties did meet and the
defendant tendered a deed with the incumbrances then upon
the property, and the plaintiff refused to accept. It might be
that the vendee had the right to assume, upon the vendor's
own acts and conduct, that he was confessedly unable to have
the incumbrances removed.

That is not this case. Judge ALLEN, in *Hartley* v. *James*,
50 N. Y. 38, at page 44, distinguishes that case. So, also, in
*Bigler* v. *Morgan*, 77 N. Y. 312, a case brought to recover
damages, Judge RAPALLO, writing the opinion, thus speaks of
the case of *Morange* v. *Morris*. He says that case "is cited as
an authority for the propositions that in an action like this, the
refusal or admitted inability of a party to a contract of this
description to perform, dispenses not only with an actual ten-
der of performance by the other party, but with readiness to
perform. That case is not an authority for any such
proposition."

In *Rinalds* v. *Hausmann*, 52 How. 190, which was, however,
an action on the part of the vendor to compel the vendee to per-
form, Judge VAN BRUNT says: "I am aware that the language
of the court in the case of *Morange* v. *Morris*, 3 Keyes, 48,
sustains the defendant's position in this case. The court says
that it is the duty of the seller to have the mortgages discharged
before the time arrived at which he had stipulated to convey.
The laying down of so broad a principle was not necessary to a
decision of that case. The case of *Hinckley* v. *Smith*, 51 N.
Y. 21, is a much later authority, and is in direct conflict
upon this point with the case of *Morange* v. *Morris*. The
case of *Hinckley* v. *Smith* lays down the rule that the seller
must be in position at the time he is to convey and upon the
receipt of the purchase price, to deliver just the title he has
agreed to convey."

But, notwithstanding these criticisms and the distinguish-
ings of the case *Morange* v. *Morris*, in the case of *Hewi-*

*son* v. *Hoffman*, 4 N. Y. Supp. 621, we find that decision approved and followed by the General Term of the Court of Common Pleas of the city of New York. That was an action similar to this, brought by the vendee to recover back from the vendor $100 paid at the time of executing the contract. Judge DALY, writing the opinion, says: "On the day named in the agreement of the parties for the delivery of the deed, the vendor, the defendant, was unable to perform because of incumbrances upon the property which she was to convey to the plaintiff. The existence of those incumbrances at the time fixed in the agreement for the closing of the title was a breach of the agreement on defendant's part, which put it out of her power to perform, and excused the plaintiff from tendering payment, "citing *Morange* v. *Morris*, 3 Keyes, 48. The plaintiff was, therefore, not in default in not attending on the day named with the moneys or mortgage."

Thus, notwithstanding the reasons assigned and authorities cited to sustain the view I entertained upon the trial, and still hold, I am confronted with the decisions of higher courts and of judges of wider experience and legal knowledge, that appear to hold that a tender of performance on the part of the plaintiff and demand by him of performance by the defendant before suit brought, is not essential to authorize the maintenance of an action such as this. *Ingalls* v. *Hahn*, 47 Hun, 104, is cited as holding that the existence of liens on the property is sufficient proof of the seller's default. It, therefore, occurs to me that my own convictions should be surrendered to that of my superiors and more experienced judicial associates.

The merits of the case are with the plaintiff and it may be well to give him the benefit of the doubt. Had the sale under the foreclosure of the mortgage and conveyance thereunder have been made prior to the 15th day of September, 1892, there would have been such inability under the authorities as would have dispensed with the necessity of tender of performance and demand of the deed by the plaintiff, but this form of disability did not arise until after the above date.

It may be that under the circumstances a waiver of. this tender and demand may be inferred, and the verdict sustained on that ground. As remarked above, this agreement between the parties seems to carry the understanding that the conveyance was to be delivered at the same time, on September 15, 1892, as the $300 payment was to be made, and the $1,700 bond and mortgage given by the plaintiff, but the contract does not so expressly provide. The foreclosure action of this $1,500 mortgage was then pending; the time of the defendant to answer had expired, and no answer had been interposed. The parties never met for explanation, and neither at any time made any advance to carry out the agreement and complete the sale. A judgment sale and conveyance followed, and it may be that these circumstances authorized the inference that the defendant was unable, and had been at all times, to take care of, and have this incumbrance removed.

His failure to in any way communicate with the plaintiff, or to advise him as to his purpose in reference to the same, may, together with the facts that the plaintiff was present at all times in occupation of the premises, and remained there until after the conveyance under the foreclosure, warrant a finding of a waiver of tender of performance and demand of the deed, on the day named, and that the matter might be considered open and pending, and awaiting the defendant's efforts to have the incumbrance in some way removed or canceled, until it was finally rendered impossible on his part by the conveyance. And the time having thus been reached when the title passed from the defendant, the case would become one when it would fall within the exception to the general rule, of inability to perform, and thus tender. and demand be excused.

The motion for a new trial is accordingly denied.