Harvey Hinckley, Appellant, v. Sophronia Smith, Respondent.

Coverture is not a defence to an action to compel the specific performance by a married woman of a contract for the purchase of land, where she has a separate estate (Earl, C., dissenting).

To entitle a vendor to a judgment for specific performance of a contract for the sale of lands, he must make a case showing a moral certainty that the vendee will receive such a title as he contracted to take.

Plaintiff contracted to sell certain premises to defendant, " free of incumbrances," for $2,500, which sum defendant agreed to pay—$500 when the deed was delivered, and to give her bond and mortgage for the balance, payable in installments. The premises were incumbered by mortgages to the amount of $3,000, and remained so incumbered at the time of trial. Plaintiff tendered a deed at the time specified in the contract. Prior to that defendant had written that she could not make the payment as agreed, and that she declined to take the premises. Plaintiff proved that he had verbally arranged with the holders of the mortgages that they should take the mortgage to be given by defendant, and release their mortgages. It did not appear that any releases were ever executed. Defendant was a married woman, having a separate estate. Upon the trial below the complaint was dismissed. *Held* (Hunt, C., dissenting), no error; that a tender of a deed without releases of the mortgages was not an offer to perform according to the conditions of the contract; that the notice by defendant of her intention not to perform, even if it relieved plaintiff from the obligation to tender a clear title at the time specified in the contract, did not relieve him from the necessity of having the mortgages discharged before a specific performance could be adjudged.

(Argued January 12, 1872; decided May term, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment of the Special Term dismissing the complaint.

The action was brought for the specific performance of a contract between the plaintiff and defendant for the sale of a tavern stand and about an acre of land, situate at Willsborough, Essex county.

The defendant, by her answer, alleged her coverture, and that the premises were subject to mortgage incumbrances amounting to $3,000.

The contract provided for the sale of the premises by plaintiff to defendant, free of incumbrance, for the sum of $2,500, which the defendant agreed to pay in installments, viz.: $500 in young cattle, about five head then on the premises of the defendant, and the balance of that payment in cash, on the first day of October following, when the deed was to be delivered; and the sum of $2,000 by her bond, payable in four equal annual installments, with interest, secured by her mortgage of the premises sold.

The court found the due execution of the contract; that the defendant was then a married woman, and owned and held a separate estate in her own right. That the plaintiff was the owner of the said premises, but that they were incumbered to a large amount as compared with their true value. That defendant never took possession of the premises, and never paid any money or applied any property on account of the contract. That the plaintiff tendered a deed of the premises to defendant at her residence, during her absence, on the first day of October, 1859, duly executed and acknowledged, and containing the usual covenants of warranty, but the premises were then heavily incumbered by mortgage, and still so remained. That the conditions of the contract were not waived by either of the parties.

As matter of law, the court found that the contract created no charge on the separate property and estate of defendant, and was not for the benefit of such estate. That she was not bound to a specific performance. That the plaintiff had not performed the contract on his part, so as to entitle him to demand a performance thereof, or damage for its breach, and thereupon ordered judgment that the complaint be dismissed, with costs.

It appeared in evidence, which was admitted under exceptions by the defendant, that she had written to the plaintiff, in August, 1859, that it would be impossible for her to make the payment on his place as she had agreed, and that she did not intend to occupy it.

The plaintiff also proved that he had verbally arranged

with the holders of the mortgages that they should take the mortgage to be given by Mrs. Smith and release their mortgage liens. One mortgage was for about $800, which appeared to be the first lien, and another for about $1,500, secured in part on other premises as well as the tavern stand. It did not appear that any releases of these mortgages were ever executed.

The plaintiff duly excepted to the findings and legal conclusions of the judge.

*Samuel Hand* for the appellant. Coverture is not a defence to an action on a contract for the purchase of lands by a married woman having a separate estate. (*Ballin* v. *Dillaye,* 37 N. Y., 35 ; *Babcock* v. *Exchange Ins. Co.,* 42 id., 13 ; Dart., 12, 465 ; Fry [132], 72 ; 1 Sug. V. & P., 334 ; 2 id., 222 ; 7 Am. ed., 1 Sug. V. & P., 232 ; *Dowling* v. *Maguire,* 1 Rep. Plunkett, 1 ; *Yale* v. *Dederer,* 18 N. Y., 265, 273 ; S. C., 22 id., 450 ; *Curtis* v. *Angel,* 2 Sandf., 287 ; *N. A. Coal Co.* v. *Dyett,* 7 Paige, 9 ; S. C., 20 Wend., 57 ; *Owen* v. *Dickinson,* 1 Cr. & Ph., 478 ; *Gaston* v. *Frankune,* 11 Eng. L. & E., 226 ; S. C., De G. S., 561 ; 2 Bright, H. & W., 254 ; *Kolls* v. *De Leyer,* 41 Barb., 208 ; S. C., 26 How. ; *Porter* v. *Mount,* 41 Barb., 568 ; *Owen* v. *Cawley,* 42 Barb. ; acts 1848, 1849, 1860 and 1862 [Laws 1862, 343, 344, 345, 849], Code, 274.) Defendant had given notice she would not perform, and a tender of the deed was not necessary. (*Cary* v. *Smith,* 2 Coms., 60 ; 4 Duer., 86 ; Hoffm., 37 ; *Marsh* v. *Wyckoff,* 10 Bosw., 202 ; *Seaman* v. *Hasbrouck,* 35 Barb., 151.) Plaintiff was entitled to a specific performance. (2 Stor. Eq., § 751 ; *Bowen* v. *Congregation,* 6 Bosw., 245.)

*F. K. Smith* for the respondent. Plaintiff must perform his part of the contract before he can sustain an action thereon against defendant. (Fry on Spec. Perf., 365, § 608 ; *Fletcher* v. *Button,* 4 Comst., 396 ; *Burwell* v. *Jackson,* 5 Seld., 535 ; *Morgan* v. *Morgan,* 2 Wheat., 290.) The contract should not be enforced on account of defendant's coverture. (*Yale*

v. *Dederer*, 22 N. Y., 450, 460 ; *White* v. *McNett*, 33 id., 371 ; *Owen* v. *Cawley*, 36 id., 600 ; *Ballin* v. *Dillaye*, 37 id., 35 ; *Corn Exch. Ins. Co.* v. *Babcock*, 42 id., 638, 639, 642 ; *Albany F. Ins. Co.* v. *Bay*, 4 Comst., 9 ; *Martin* v. *Dwelly*, 6 Wend., 9 ; *Knapp* v. *Smith*, 27 N. Y., 279.) No such equity exists in this case as calls for the interference of the court. (*Clark* v. *Roch., etc., R. R. Co.*, 18 Barb., 350 ; Fry on Spec. Perf., 20, § 1, *passim.*)

LEONARD, C. Were the coverture of Mrs. Smith the only defence, I think a specific performance of the contract should be adjudged. (*Ballin* v. *Dillaye*, 37 N. Y., 35.)

But I do not propose to discuss that question, as the judgment must be affirmed on account of a want of proper performance or apparent ability to perform the contract on the part of the plaintiff.

The persons who held mortgages, upon the property contracted to be sold, neither released nor came under any legal obligation to do so. The offer of a deed, while the premises remained incumbered so largely, was not an offer to perform according to the condition of the contract.

The mortgagees ought to have been present, with releases duly executed and prepared to be delivered ; or such documents as would render the premises free of incumbrance ought to have been intrusted to some person, to be present when the offer was made, having authority to deliver or record them upon receiving the mortgage which Mrs. Smith had agreed to execute. There was no certainty that she would have been able to obtain a title to the premises, freed from the outstanding mortgages, if she had accepted the deed from the plaintiff and delivered her bond and mortgage according to the contract. The hazard of the mortgagees continuing to be of the same mind, and willing to release the tavern stand upon the security of her mortgage, would have been changed from the vendor to the purchaser without any reasonable indemnity. Nor was it clear that the plaintiff would have used the mortgage, if obtained, for the purpose

of extinguishing the prior outstanding incumbrance.  Mrs. Smith had not agreed, and cannot be required, to accept such a risk.  Nor did her notice of an intention not to complete the purchase relieve the plaintiff from the obligation to have those mortgages discharged at the time he made his offer of a deed, or at least at the time of the trial, if he wished to call upon the court to adjudge a specific performance against the purchaser.

Had the plaintiff obtained the releases, and been able to convey a clear title, even at the day of the trial, it is possible that the authorities might warrant a judgment in his favor, without an actual tender or offer of a deed after the receiving of the notice that the defendant would not complete her contract.  (*Crary* v. *Smith*, 2 Comst., 60 ; Judge GRAY's opin.)

The plaintiff, before asking a judgment for specific performance, must make a case showing a moral certainty that the purchaser would receive such a title as she had contracted to take.

The court cannot be called upon to try any experiment to ascertain the possibility or chance of making a clear title, depending on the caprice of the prior mortgagees, who are not parties to the action, and have not placed it out of their own power to recall their verbal consent to receive a substituted security.

The cases relied on by the learned counsel for the appellant do not bear him out on this point.  In *Guynet* v. *Mantel* (4 Duer, 86), the incumbrance was only $1,000, and the further cash payment to be made by the purchaser was very largely in excess of the mortgage.  The purchasers, having connived at a transfer of the mortgage (which was not then due) to friendly hands, whereby the vendor was unable to obtain its discharge and convey the premises free of incumbrance, as he had agreed to do, brought an action demanding damages as for the vendor's refusal to convey.  In a cross-action brought by the vendor, the court compelled the purchasers to receive

the title, making provision out of the cash payment to be made by them against the comparatively small mortgage.

In *Marsh* v. *Wyckoff* (10 Bosworth, 202), the vendee sought to recover money paid to the vendor on account of land which he had agreed to purchase,- claiming that the vendor was unable to perform, on account of an undischarged lien for taxes, as well as upon the ground that the agreement was within the statute of frauds, and void. The purchaser owed a much larger cash payment on account of the land than was required to relieve it from the lien. The right of the vendee to recover as for money had and received to his use was denied.

Clearly, these are not analogous cases. They do not sustain the claim of the vendor to compel a purchaser to perform where the cash payment is not adequate to discharge the incumbrances.

The objection of the defendant to a specific performance appears to be well taken, and the judgment should be affirmed with costs.

EARL, C. The contract was not in the separate business of the defendant, a married woman ; was not for the benefit of her separate estate, and was not expressly charged upon her separate estate. She did not have possession of the property, and had no benefit from it. It cannot, therefore, be enforced against her or her separate estate. Upon this ground alone I am for affirmance.

All concur for affirmance, except HUNT, C., dissenting.

Judgment affirmed.