# N. Y. COMMON PLEAS.

## MARKS RINALDO agt. FREDERICK HAUSMANN.

### *Specific performance — when will be decreed.*

Specific performance will be decreed, although there were unsatisfied liens on the premises when the title was to be closed, if at that time the holders of the liens attend, with the vendor, ready and willing to satisfy their liens simultaneously with the closing of the title.

All that a purchaser can claim is that when he parts with his money he shall receive the title subject only to such liens as he agreed to assume, and when the holders of other liens are in attendance to discharge them simultaneously with the passing of the title he will, upon completing the agreement on his side, get what he bargained for.

*Morange* agt. *Morris* (3 *Keyes,* 48; *S. C.,* 32 *How.,* 178) reviewed and held to be in conflict with the later case of *Hinckley* agt. *Smith* (51 *N. Y.,* 21).

*Special Term, November,* 1876.

ON the 26th day of January, 1876, the plaintiff entered into a contract with the defendant for the sale of certain premises in the city of New York, at the price of $26,000, to be paid as follows : $2,000 upon the signing of the agreement, $6,000 by assuming a mortgage upon the premises, and $18,000 in cash on the 15th of February, 1876, when the deed was to be delivered. There were mortgages on the premises amounting to $20,000; and on the day fixed for passing the title the defendant attended at the place designated, with his money, and the plaintiff was ready with his deed, and had procured the attendance of the mortgagees, who were ready upon the receipt of the amounts due them respectively, to surrender their mortgages and execute satisfaction-pieces thereof.

Rinaldo agt. Hausmann.

The defendant having refused to accept the deed and pay the purchase-price, this action was commenced for a specific performance. The defense interposed is the existence of the mortgages.

*Jacobs & Sink,* attorneys, and *Albert Cardozo,* of counsel, for plaintiff.

*Culver & Wright,* attorneys, and *J. W. Culver,* of counsel, for defendant.

VAN BRUNT, *J.* — I am aware that the language of the court in the case of *Morange* agt. *Morris* (3 *Keyes*, 48), sustains the defendant's position in this case. The court says that "it is the duty of the seller to have the mortgages discharged before the time arrived at which he had stipulated to convey."

The laying down of so broad a principle was not necessary to a decision of that case.

The case of *Hinckley* agt. *Smith* (51 *N. Y.*, 21), is a much later authority, and is in direct conflict upon this point with the case of *Morange* agt. *Morris.*

The case of *Hinckley* agt. *Smith* lays down the rule that the seller must be in a position at the time he is to convey, and upon the receipt of the purchase-price, to deliver just the title he has agreed to convey.

In the case at bar the evidence shows that if the defendant had shown any inclination to take the title there would have been delivered to him simultaneously with the payment of the purchase-price, satisfaction-pieces of the mortgages about which complaint is now made.

I do not think any purchaser can require more than that he shall receive, when he parts with his money, a deed conveying the premises to him, together with releases of all claims which he has not assumed.

I am therefore of opinion that the plaintiff having been in

Rinaldo agt. Hausmann.

a position to have satisfaction-pieces of this mortgage deliv-
ered to the defendant simultaneously with the payment of
his purchase money, has done all he was required to do, and
is entitled to a decree for specific performance.

Judgment accordingly, with costs.