Order accordingly.

---

Isaac Lazarus, Plaintiff, *against* Moses Heilman *et al.*, Defendants.

### [Special Term.]

(Decided August, 1882.)

In an action for waste in demised premises, brought against the lessee by a purchaser from the lessor having notice of the lease and of an agreement contained therein for the sale of the premises by the lessor to the lessee, the latter may set up such agreement as a counter-claim, and demand specific performance of it by the plaintiff.

A judgment for specific performance in such a case may provide that the amount of a mortgage upon the property be deducted from the purchase money; that the defendant pay interest on the purchase money, and the plaintiff interest on the mortgage; that taxes confirmed after the time when the deed should have been delivered be borne by the defendant, and the plaintiff account for the rents and profits from the same time; and that if the defendant fail to complete the purchase within a specified time, his counter-claim shall be dismissed and the plaintiff have judgment against him for treble damages for the injuries to the property.

Trial of an action to restrain injuries to real property and to recover damages for injuries committed.

The complaint alleged that the defendant, Moses Heilman, in February, 1880, hired from one Gustav Ramsperger a house and lot then owned by the latter for the term of two years from May 1st, 1880, by a lease, a copy of which was annexed; that at the time of the execution and delivery of said lease plaintiff was in the occupancy of said house as a tenant of Ramsperger, and that Ramsperger, refusing on various grounds to recognize the lease to Heilman, agreed to indemnify plaintiff against any claim under it on the part of Heilman, and re-let said house to plaintiff for one year from May 1st, 1880, and plaintiff continued in possession; that Heilman brought an action of ejectment, based upon his lease, against plaintiff, in which possession of the premises was awarded to Heilman; that on April 18th, 1881, pending an appeal from the judgment, in that action, plaintiff purchased from Ramsperger, and Ramsperger conveyed to plaintiff, the house and lot, and plaintiff had since been and still was the owner thereof; that in May, 1881, he was removed therefrom by the sheriff under execution in the action of ejectment brought by Heilman, and thereupon Heilman entered and took possession, and caused Herman G. Walthers, the other defendant, to occupy the said house with him; and that both defendants, wrongfully intending to injure the plaintiff, had wantonly and maliciously damaged and defaced, and were still wantonly and maliciously damaging and defacing the premises.

The complaint further set forth various specific acts of the defendants injurious to the property, and various violations by them of covenants contained in the lease to Heil man and alleged damage to plaintiff from the wrongful acts of the defendants; and it demanded that defendants be enjoined from continuing the injuries, and that plaintiff recover his damages, and have other relief, as might be proper.

The answer of the defendant Heilman alleged the execution and delivery by Ramsperger to him of the lease of the said house and lot for two years from May 1st, 1880, and

that said lease contained an agreement for the sale of the demised premises to him, as follows:

" And it is further agreed between the parties to these presents that the party of the first part agrees to sell to the party of the second part, and the party of the second part agrees to buy from the party of the first part, the house and lot herein leased, for the sum of eight thousand dollars, lawful money of the United States, as per special agreement signed in the same time with this lease; a sale of the property voids this lease and can be effected at any time during the term of the lease upon two months' previous notice given to the party of the first part by the party of the second part of his intention to effect the sale."

The answer further alleged that the lease had been duly recorded, and that plaintiff had personal knowledge of it; that on July 30th, 1881, defendant Heilman duly gave to Ramsperger and plaintiff the notice of his intention to purchase required by the agreement contained in the lease, and thereafter made a tender of the purchase money to each of them, and demanded a conveyance of the property to him, which they refused; and after making other affirmative allegations, and denials of the allegations in the complaint of injury to the property, &c., demanded judgment that the deed from Ramsperger to plaintiff be declared void as to defendant Heilman, and for a specific performance of the contract to convey, and for other and further relief.

The reply of the plaintiff denied generally the allegations of this answer tending to establish a counter-claim.

The answer of the defendant Walthers denied generally all the material allegations of the complaint.

*Kurzman & Yeaman,* for plaintiff.

*George F. Langbein* and *Albert Cardozo,* for defendants.

VAN HOESEN, J.—The house, no doubt, needs a thorough overhauling, but the greater part of the repairs that are necessary are required upon those parts of the building

that were not injured by the defendants. The house has suffered from shrinkage and other natural causes, and from necessary and ordinary wear and tear. It has also suffered from the acts of the defendants Heilman and Walthers. From their own admissions, it is evident that many things they did were not consistent with the ordinary care a tenant should take, and that from their acts there resulted an injury for which, unless Heilman be the owner of the property, Lazarus should recover damages. I throw out of consideration every injury save those for which I think Heilman and Walthers are answerable, and then I think it will require $300 to repair the damage done by Heilman and Walthers; and I am also of opinion that the premises are worth $300 less than they would have been worth if that damage had not been done. For those damages the plaintiff should have judgment, unless the defendant Heilman completes the purchase of the house in the manner to be settled by the judgment. Here is an action for damages, and the person who did the damage says, in substance, "If I did all you say, the injury was committed upon property of which I am the equitable owner, and of which I ask to be declared the legal owner." If the fact be that he is the owner of the building that he injured, the loss falls on himself and not on Lazarus.

It is objected that in this action the defendant Heilman cannot by way of counter-claim demand a specific performance of the contract by which Ramsperger, the plaintiff's grantor, agreed to convey the property to him, but there is, in my opinion, authority for the pleading of the counterclaim. The case of the *Glen & Hall Manuf. Co.* v. *Hall* (61 N. Y. 226), and *Carpenter* v. *Manhattan Life Ins. Co.* (22 Hun 49), go far to show that the Code warrants such a counter-claim in such an action as this. Formerly there would have been two actions, an action and a cross action, but the same result would have been reached. The case then is to be regarded as if Heilman were the plaintiff seeking a specific performance of his contract with Ramsperger. Lazarus bought the property from Ramsperger, with actual

notice of the prior agreement between Ramsperger and Heilman, and Lazarus stands, therefore, in Ramsperger's shoes. Lazarus is the proper party to convey the property to Heilman (Pomeroy on Specific Performance, § 465, and cases cited).

It is true that the contract may be construed as giving to Heilman an option to take or not to take the property, but that being conceded, it appears that Heilman has elected to take it, and the contract is not to be defeated for a want of mutuality. No objection has been made that the contract is so incomplete that its intent cannot be ascertained with certainty, and I think that Lazarus should be compelled to perform it specifically. Heilman is bound to pay $8000. From this is to be deducted the amount of the mortgage (4 Duer 86; 51 N. Y. 21). Heilman is to pay interest on $8000, the unpaid purchase money, and Lazarus must pay the interest on the mortgage. The taxes that have been confirmed since the time at which the deed should have been delivered must be borne by Heilman. Lazarus should account to Heilman for the rents and profits of the property, including a fair rental for the part occupied by himself, from the time just designated. From the terms of the contract it appears that Ramsperger had two months in which to execute a conveyance, from the time that Heilman might give him notice of his intention to purchase the property. As this notice was given on July 30th, 1881, the date at which the deed might have been delivered, and the date which must therefore be considered as the time at which the transaction should be closed, is September 30th, 1881. A general covenant of warranty is required, and a fee simple must be conveyed (Pomeroy on Specific Performance, § 154).

A referee will be appointed to see that these provisions are carried into effect. If, within thirty days after the findings are signed, Heilman places at the disposal of the referee the money required to be paid, and offers on his part to complete the purchase on the terms specified in the findings, a decree or judgment will be entered for the dismissal of

the plaintiff's complaint and for the specific performance by Lazarus of the contract. The costs of the action, with an allowance of one hundred dollars, will then be awarded to Heilman. No costs will be allowed to Walthers.

If, on the other hand, Heilman should not within the time specified place the requisite money at the disposal of the referee for the purpose of carrying out the contract of purchase in the manner provided by the findings, and offer to complete the purchase, then judgment shall be entered dismissing the counter-claim, and a judgment in favor of the plaintiff against Heilman and Walthers, for $900, treble damages, shall be entered, with costs and an allowance of five per cent on $900 (see 4 Duer, 86).

Heilman has said in his protestation which forms part of his answer before Judge NEHRBAS, that he did not want the property. In this action he professes a desire to buy it, but confesses he has not means of his own sufficient to complete the contract; though he proved that some one was willing to lend him the requisite money. That person is not before the court, and is at liberty at any time to change his mind. If Heilman cannot or will not complete his contract, Lazarus should recover compensation for the injury done to the house. If it be Lazarus' house that was injured, Heilman should pay the damages, and Lazarus' house it is, unless Heilman completes the purchase.

Judgment accordingly.