DANIELS, J., concurs.   VAN BRUNT, P. J., concurs in result.

---

### COGSWELL *v.* BOEHM.

(*Supreme Court, Special Term, New York County.*   January 21, 1889.)

1. VENDOR AND VENDEE—OBJECTIONS TO TITLE OFFERED—WAIVER.
   An objection to a title on the ground that it is incumbered by certain mortgages is waived when the vendor offers to go to the mortgagees' office and procure their satisfaction, arrangements to that end having previously been made, and the purchaser's attorney states that it is unnecessary, as he intends to rely upon objections to the dimensions of the property.

2. SAME—LIENS—OFFER TO DEDUCT FROM PURCHASE PRICE.
   An objection that the property is subject to an unpaid water-tax is disposed of by the vendor's offer to allow a deduction of the amount thereof from the purchase price.

3. SAME—UNREASONABLE REFUSAL TO ACCEPT TITLE—DAMAGES.
   Where, owing to the vendee's unreasonable refusal to accept the title, the vendor is compelled to borrow money to pay a mortgage on the property, he is entitled to recover as damages the amount of the legal commission for securing the new loan, and attorneys' fees and disbursements connected therewith.

Action for specific performance, brought by Elizabeth R. Cogswell against Rudolph Boehm.

*Albert J. Sire,* for plaintiff.   *Jacob L. Hanes,* for defendant.

O'BRIEN, J.   In this action, brought for specific performance of a contract for the purchase and sale of property on East Twenty-Ninth street, there is little, if any, difference between the parties as to the facts. The price to be paid was $57,000. When sold the property was incumbered by two mortgages, which it was necessary should be satisfied to carry out the terms of the sale. These mortgages were not due, but the plaintiff had arranged with the Equitable Life, the mortgagee, to have satisfaction pieces ready for delivery on the day fixed for closing the title. On this day the parties attended at the agreed place; the deeds and purchase-money mortgages were submitted, and approved by defendant's attorney, who thereafter made the following objections to the title, viz.: *First,* that the property was incumbered by the mortgages before mentioned; *second,* that there was an unpaid water-tax, amounting to $10; *third,* that the property was not of the dimensions called for by the contract, in that the depth of the lots was 98 feet $8\frac{1}{2}$ inches, instead of 98 feet 9 inches.

These objections, if urged in good faith, are clearly untenable. As to the first objection, it is evident that defendant's attorney, knowing that the arrangements for satisfying the mortgages were made, or relying on his objec-

tions to the dimensions, waived the formality of a tender of the satisfaction pieces, and, in answer to the suggestion that the parties could go together to the Equitable building, or have them brought to the place of closing, stated that either course was unnecessary, as he intended to rely upon his objections as to the dimensions. This version is supported, not only by plaintiff's witnesses, but the admission of defendant's attorney on cross-examination that in any event on the day named his client would not have taken the title because no survey had been made. It was not necessary to have the two Equitable mortgages satisfied and discharged of record at the time of closing. It was sufficient that plaintiff was able, ready, and willing to satisfy and discharge the same. *Rinaldo* v. *Housmann*, 1 Abb. N. C. 312, 52 How. Pr. 190.

The second objection, as to the water-tax of $10, if it was not formally waived, is disposed of by the offer to pay the same, or allow defendant to deduct from the purchase money. *Pangburn* v. *Miles*, 10 Abb. N. C. 42; *Bayliss* v. *Stimson*, 53 N. Y. Super. Ct. 227.

The third objection never had any foundation, the survey showing that the premises were of the exact dimensions stated in the contract. Defendant's refusal to perform compelled plaintiff to obtain elsewhere the money to pay the Equitable mortgages. The principal sum and the rate of interest secured by the present mortgages are the same as those which were to be included in defendant's purchase-money mortgages. I am of the opinion, therefore, no good or substantial reason to the contrary having been shown, that plaintiff is entitled to judgment for specific performance, together with the damages occasioned by defendant's unreasonable refusal to complete, viz., the legal commission for securing the new loan, and the attorney's fees and disbursements connected therewith.