Edward J. H. Tamsen, Appellant, *v.* Henry Schaefer et al., Respondents.

Whether an instrument shall be treated as a conveyance of land or as an executory contract for a conveyance depends upon the intention of the parties as gathered from all the language used, read in the light of all the circumstances.

On January 16, 1882, defendant F. entered into a contract with the defendant L. to sell and convey to him certain premises; $500 of the purchase-price was paid down, the deed to be delivered on January thirty-first. On the day specified, L. tendered performance, but F. not being able to make a satisfactory title, could not perform. On February 4, 1882, she conveyed the premises to S., her son-in-law; this deed was duly recorded. It did not appear that S. was a *bona fide* purchaser, or that he paid anything for the land. On March 1, 1882, he entered into a contract with plaintiff for a sale of the premises to him, the deed to be executed on March sixteenth, $300 of the purchase-price being paid down; this contract was duly acknowledged. Plaintiff had no knowledge of the transactions between F. and L. L. commenced an action against F. on March

seventh to recover damages for the breach of the contract with him. On March sixteenth plaintiff appeared at the time and place mentioned in his contract with S. and offered to perform on his part; S. not being able to make a satisfactory title could not perform; a new agreement was then made in pursuance of which S. returned to plaintiff the $300 paid down and paid him $125 for expenses incurred in searching the title, and agreed to do all in his power to have the defects in the title cured, and performance of the prior contract was postponed until April first. On March twenty-fifth S. reconveyed the land to F., and on March twenty-eighth F. conveyed it to L. in performance of her contract. On April first plaintiff was ready to perform his contract with S., but the latter made default and this action was thereupon commenced to recover damages for a breach of the contract or for a specific performance. A judgment was ordered for plaintiff against the defendants S. and F., and the complaint was dismissed as to the defendant L. *Held*, no error; that the contract with S. was not a conveyance to him *in presenti*, but a contract for a sale and conveyance at a future time; that plaintiff's rights and equities were subordinate to those L. had under the prior contract; that this contract was not rescinded by L's refusal to accept an imperfect title; he had the right to do this or to take such title and accept imperfect performance and still hold F. bound on her contract; also that he was not concluded by his election to sue F. for damages for the breach of her contract; that after commencing that action he could, by authority of the court, have turned it into an action for specific performance, or have discontinued it and commenced a new action for specific performance, and he could accept a conveyance without violating the rights of any one he had not misled.

(Argued February 27, 1888; decided March 6, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order dated January 11, 1886, which affirmed a judgment of the Special Term entered upon a decision of the court dismissing the complaint as to the defendants Joseph Larchn and Caroline Larchn.

This was an action by the plaintiff, the vendee, to recover damages against the vendor for the breach of a contract to convey a lot of land, or to compel specific performance of the contract. The action was brought to trial at a Special Term, and the trial judge ordered judgment in favor of the plaintiff against the defendants Schaefer and Frank, and dismissed the

·complaint as to the defendants Larchns. From the judgment in favor of the defendants Larchns, the plaintiff appealed to the General Term, where it was affirmed, and this appeal was then taken to this court.

The material facts sufficiently appear in the opinion.

*Henry Wehle* for appellant. The contract between the plaintiff and the defendant Schaefer was a contract of a present sale, and the record thereof gave notice to the world of the title acquired by the plaintiff thereunder. (4 Kent's Com. 492; *Lynch* v. *Livingstone*, 6 N. Y. 422; *Hunt* v. *Johnson*, 44 id. 27; *Hayes* v. *Kinshaw*, 1 Sandf. Ch. 261; *Carpenter* v. *Williamson*, 25 Cal. 168; *Toachard* v. *Crow*, 20 id. 150; *Monmouth* v. *Plimpton*, 3 E. R. 40; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Mark* v. *Patchin*, 42 id. 167; *Boreel* v. *Mayor, etc.*, 2 Sandf. 559; *Smith* v. *Mayor, etc.*, 68 N. Y. 552; *Holmes* v. *Lellero*, 3 Lev. 305.) While the agreement of March first contained provisions which the defendant Schaefer had yet to perform, it was such a conveyance as the statute refers to as a grant, which takes effect against subsequent purchasers or incumbrances from the time of its acknowledgment and the recording thereof. (2 R. S., part 2, chap. 1, art. 4 [Edm. ed.], 707, 714; id., chap. 3, §§ 1, 38 [Edm. ed.], 707, 714; *Emory* v. *Hitchcock*, 12 Wend. 156; *Beddoe* v. *Wadsworth*, 21 id. 120; *Jackson* v. *Fish*, 3 Johns. 456; *De Fontain* v. *Shattenkirk*, 3 id. 178; *Chapman* v. *Campbell*, 5 Gratt. 105.) The contract between Maria Frank and Joseph Larchn is merely one for a future sale, and the record thereof is not notice to any one. (*Boyd* v. *Schlesinger*, 59 N. Y. 301; 2 R. S. [Edm. ed.] 708; Laws of 1859, chap. 360; *Wood* v. *Weinant*, 1 N. Y. 77.) The respondent, Joseph Larchn, is not a *bona fide* purchaser. (*Seymour* v. *McKinstry*, 8 N. Y. P. R. 580; 11 id. 760.) The contract of January 16, 1882, was absolutely rescinded between the parties to it, and had no existence in law at the time the plaintiff acquired his lien. (*Cobb* v. *Hatfield*, 46 N. Y. 433; *Douglas* v. *Wells*, 57 How. 383.) Joseph Larchn was estopped, as to plaintiff, from assert-

ing his contract of January 16, 1882. (*Dalzel* v. *Odell*, 3 Hill, 215; *People* v. *Reeder*, 25 N. Y. 302.) The *lis pendens* and service of attachment on plaintiff are elements in the estoppel of respondents. (Code, §§ 677, 680; *Cornish* v. *Abington*, 4 H. & N. 556; *Viele* v. *Judson*, 82 N. Y. 32.)

*Joseph E. Newburger* for respondents. The first contract under which plaintiff seeks to recover, to wit, the one of March first, even though recorded, is not a lien upon the premises, nor is the fact of its record deemed notice. (*Boyd* v. *Schlessinger*, 59 N. Y. 309; *Washburn* v. *Burnham*, 63 id. 132.) The agreement upon which plaintiff relies cannot be deemed a conveyance or incumbrance, or lien superior to the title of the defendants Larchn. A conveyance of a freehold or estate in fee must be by deed or writing under seal. (*Jackson* v. *Wood*, 12 J. R. 73; *Jackson* v. *Wendell*, 24 Wend. 201; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35.) A contract to sell and convey lands may be canceled and surrendered by parol. (*Hart* v. *Britton*, 17 Week. Dig. 552; *Proctor* v. *Thompson*, 13 Abb. N. C. 340; *Ballard* v. *Walker* 3 J. Cas. 60.) Equity cannot under any circumstances compel the performance of an agreement vague in its terms and standing upon testimony of the accuracy of which the witness is himself uncertain. (*Crouse* v. *Frothingham*, 97 N. Y. 105.) If the agreement had the effect to make the parties primarily liable to each other, it could not be extended to create a liability toward other persons. (*Seward* v. *Huntington*, 94 N. Y. 104; *Garnsey* v. *Rodgers*, 47 id. 241; *Pardee* v. *Treat*, 82 id. 385; *Root* v. *Wright*, 84 id. 75.)

EARL, J. On the 16th day of January, 1882, the defendant Maria Frank owned a lot of land in the city of New York known as No. 638 Sixth street, and on that day she entered into a written contract with the defendant Joseph Larchn to sell and convey the same to him for the sum of $8,250, $500 of which was paid down and the balance was to be paid by him as specified in the contract, the deed to be delivered on

the thirty-first day of January. On that day Larchn offered to perform the contract on his part, but Mrs. Frank could not make a satisfactory title and could not therefore on that day perform. Thereafter on the fourth day of February she conveyed the lot to her son-in-law the defendant, Henry Schaefer, who resided with her, and the deed of conveyance to him was recorded in the office of the register of the city and county of New York. It does not appear that he was a *bona fide* purchaser of the lot or that he paid anything for it. On the first day of March, thereafter, he entered into a written contract dated and acknowledged on that day for the sale of the lot to the plaintiff, for the sum of $8,150, $300 of which was paid down at the execution of the contract, and the balance was to be paid thereafter as specified. Under that contract the deed was to be executed, and both parties were to perform on the sixteenth day of March. On the seventh of March Larchn commenced an action against Mrs. Frank to recover damages for the breach of her contract with him, and he obtained an attachment against her property. On the sixteenth of March the plaintiff appeared at the time and place mentioned in his contract with Schaefer and offered to perform the contract on his part. Schaefer, however, was not able to make a satisfactory title, and on that account could not perform. At that time a new agreement was made between the plaintiff and Schaefer whereby the latter returned to the plaintiff the $300 received from him on the contract of March first, and also paid him $125 for expenses incurred in searching the title, and he further agreed to do everything within his power to have the defects in the title cured, and performance of the prior contract was postponed until the first of April. On the twenty-fifth of March Schaefer reconveyed the lot to Mrs. Frank, and on the twenty-eighth of March Mrs. Frank conveyed the same to the defendants Larchn in performance of her contract with Joseph Larchn above referred to. On the first of April plaintiff was ready to perform his contract with Schaefer, but Schaefer made default, and thereupon this action was commenced.

We are of opinion that the complaint was properly dismissed as to the defendants Larchn. Plaintiff's contract with Schaefer was not a conveyance *in presenti* to him of the land. It was a mere contract for a conveyance to him at a future time. It was an agreement to sell and not a sale. While the contract was dated and executed on the first day of March, it was provided therein that the title was to pass upon performance by the parties on the sixteenth day of March. Both parties treated it as a contract to sell in the future; the $300 first paid was refunded and nothing whatever was thereafter paid thereon. The complaint is not framed upon the theory that there was an actual transfer of the title to the plaintiff, but upon the theory that he simply held the contract, and the action was to recover damages for the breach of that contract or to compel specific performance thereof. Whether an instrument shall be treated as a conveyance of land, or as an executory contract for a conveyance depends upon the intention of the parties as gathered from all the language used, read in the light of all the circumstances; and here clearly there was no intention that the contract should operate as a conveyance.

Plaintiff's rights and equities, therefore, were subordinate to whatever rights and equities the defendants Larchn had under the prior contract made between Mrs. Frank and Joseph Larchn on the sixteenth day of January.

It is claimed, however, on the part of the plaintiff, that the contract of January sixteenth, between Joseph Larchn and Mrs. Frank, was rescinded, and that therefore the defendants Larchn could not base any rights or equities thereon as against the plaintiff. It was not rescinded by Larchn's refusal to accept an imperfect title on the thirty-first day of January. He had the right to refuse to take such a title and accept imperfect performance on the part of Mrs. Frank, and to still hold her bound by her contract. He could either wait until sne could perform, or sue her for damages for breach of her contract. He chose the latter course, and on the seventh of

March commenced an action against her to recover his damages for breach of the contract. But the plaintiff in entering into contract with Schaefer was in no way influenced by anything that Larchn did or omitted to do. He took his contract from Schaefer on the first of March without any knowledge whatever of the transaction between Mrs. Frank and Larchn. Neither was his conduct influenced in any way by the action which Larchn commenced on the seventh of March. All he did after that was on the sixteenth of March to offer performance of his contract with Schaefer, and when Schaefer was not able to perform he obtained all the money he had paid upon the contract and payment for his expenses, and the time of performance was extended to the first day of April when he again offered to perform and Schaefer failed.

By commencing his action for breach of the contract Larchn did not rescind the contract. It was an action based upon the contract to recover his damages for the breach thereof, and the commencement of that action did not release Mrs. Frank from every obligation due from her under her contract, and after its commencement he had the right to withdraw it and accept performance from her. In doing so he committed no wrong whatever upon this plaintiff, and in no way invaded plaintiff's rights. If, however, after the plaintiff had received notice of the Larchn action against Mrs. Frank, he had entered into contract for the purchase of these lands and paid any money thereon, or if he had taken a deed thereof, we would have had a different case. But it does not appear that he parted with any money or did anything in reliance upon the action and the position Larchn took therein against Mrs. Frank. Nor is Larchn concluded by his election to sue Mrs. Frank to recover damages for the breach of her contract. It is not like the case where a party proceeds in affirmance of a contract who thereafter wishes to treat the contract as rescinded, or *vice versa*. In such cases the party is generally held and concluded by his election. After commencing his action for the breach of contract, Larchn could by authority of the court have turned it into an action for specific performance,

or he could have discontinued the action and commenced a new one for specific performance. As he thus had the right to commence an action for specific performance, he could accept specific performance without violating the rights of any one who had not been in any way misled by his course of proceeding.

There was no evidence that Larchn had any knowledge of the arrangement made between the plaintiff and Schaefer on the sixteenth day of March, or that he had any design to injure or wrong the plaintiff, or that he entered into any conspiracy to defraud him or deprive him of any of his rights.

The case, therefore, presents no ground for any recovery by the plaintiff against the defendants Larchn, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.