## William Ziehen, Respondent, *v.* David J. Smith, Appellant.

Real Estate — Contract for Conveyance — Outstanding Incumbrance — Action for Breach. The mere fact of the existence, at the time fixed for the concurrent mutual performance of an executory contract for the conveyance of real estate, of a lien or incumbrance on the property which it is in the power of the vendor to remove, does not relieve the vendee from the necessity of making a tender and demand of performance, as a condition precedent to the maintenance of an action to recover money paid on the contract, or for damages as for a breach of the contract on the part of the vendor.

*Ziehen* v. *Smith* (73 Hun, 571), reversed.

(Argued January 30, 1896; decided February 25, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought by the vendee of real estate against the vendor to recover damages for a breach of contract to convey, and for the return of money paid.

The facts, so far as material, are stated in the opinion.

*Garrett Z. Snider* for appellant. The mere existence of a lien upon the premises is not sufficient to excuse the vendee from making a tender of performance. (*Hudson* v. *Swift*, 20 Johns. 24; *Fuller* v. *Hubbard*, 6 Cow. 13; *Green* v. *Green*, 9 Cow. 47; *Hartley* v. *James*, 50 N. Y. 38; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Burwell* v. *Jackson*, 9 N. Y. 547; *Friedman* v. *Dewes*, 1 J. & S. 450.) The county judge erred in his charge and in his refusal to charge upon the several propositions relating to the duty of the plaintiff to make tender and offer to perform. (*Hartley* v. *James*, 50 N. Y. 38; *Bigler* v. *Morgan*, 77 N. Y. 312; *Hinckley* v. *Smith*, 51 N. Y. 21; *Rinaldo* v. *Hausmann*, 52 How. Pr. 190.)

*Abram A. Demarest* for respondent. No tender on the part of the defendant was necessary to sustain this action. (*Jackson* v. *Burwell*, 9 N. Y. 535; *Hartley* v. *James*, 50 N. Y. 38; *Judson* v. *Wass*, 11 Johns. 525; *Morange* v. *Morris*, 32 How. Pr. 178; *Hinckley* v. *Smith*, 51 N. Y. 21; *Foote* v. *West*, 1 Den. 544; *Holmes* v. *Holmes*, 9 N. Y. 525; *Higgins* v. *Engleton*, 68 N. Y. S. R. 82; *Glenn* v. *Rossler*, 68 N. Y. S. R. 531.)

O'BRIEN, J. The plaintiff, as vendee, under an executory contract for the sale of real estate, has recovered of the defendant, the vendor, damages for a breach of the contract to convey, to the extent of that part of the purchase money paid at the execution of the contract, and for certain expenses in the examination of the title. The question presented by the record is whether the plaintiff established at the trial such a breach of the contract as entitled him to recover.

By the contract, which bears date August 10th, 1892, the defendant agreed to convey to the plaintiff by good and suf-

ficient deed the lands described therein, being a country hotel with some adjacent land. The plaintiff was to pay for the same the sum of $3,500, as follows: $500 down, which was paid at the time of the execution of the contract, $300 more on the 15th day of September, 1892. He was to assume an existing mortgage on the property of $1,000, and the balance of $1,700 he was to secure by his bond and mortgage on the property, payable, with interest, one year after date. The courts below have assumed that the payment of the $300 by the plaintiff, the execution of the bond and mortgage, and the delivery of the conveyance by the defendant, were intended to be concurrent acts, and, therefore, the day designated by the contract for mutual performance was the 15th of September, 1892. Since no other day is mentioned in the contract for the payment of the money, or the exchange of the papers, we think that this construction was just and reasonable, and, in fact, the only legal inference of which the language of the instrument was capable. It is not alleged or claimed that the plaintiff on that day, or at any other time, offered to perform on his part or demanded performance on the part of the defendant, and this presents the serious question in the case and the only obstacle to the plaintiff's recovery. It is, no doubt, the general rule that in order to entitle a party to recover damages for the breach of an executory contract of this character he must show performance or tender of performance on his part. He must show in some way that the other party is in default in order to maintain the action, or that performance or tender has been waived. But a tender of performance on the part of the vendee is dispensed with in a case where it appears that the vendor has disabled himself from performance, or that he is on the day fixed by the contract for that purpose, for any reason, unable to perform. The judgment in this case must stand, if at all, upon the ground that on the 15th day of September, 1892, the defendant was unable to give to the plaintiff any title to the property embraced in the contract, and hence any tender of performance

on the part of the plaintiff, or demand of performance on his part, was unnecessary, because upon the facts appearing it would be an idle or useless ceremony.

It appeared upon the trial that at the time of the execution of the contract there was another mortgage upon the premises of $1,500, which fact was not disclosed to the plaintiff, and of the existence of which he was then ignorant. That on or prior to the 21st of July, 1892, some twenty days before the contract was entered into, an action was commenced to foreclose this mortgage, and notice of the pendency of the action filed in the county clerk's office. That on the 30th of September following judgment of foreclosure was granted and entered on the 31st of October thereafter, and on the 28th of December the property was sold to a third party by virtue of the judgment, and duly conveyed by deed from the referee. It appears that the defendant was not the maker of this mortgage and was not aware of its existence, but it was made by a former owner, and the defendant's title was subject to it when he contracted to sell the property to the plaintiff.

The decisions on the point involved do not seem to be entirely harmonious. In some of them it is said that the existence, at the date fixed for performance, of liens or incumbrances upon the property is sufficient to sustain an action by the vendee to recover the part of the purchase money paid upon the contract. (*Morange* v. *Morris,* 3 Keyes, 48; *Ingalls* v. *Hahn,* 47 Hun, 104.) The general rule, however, to be deduced from an examination of the leading authorities seems to be that in cases where by the terms of the contract the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the non-performance, or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party. The qualifications to this rule are to be found in cases where the necessity of a formal tender or demand is obviated by the acts of the party sought to be charged as by

his express refusal in advance to comply with the terms of
the contract in that respect, or where it appears that he has
placed himself in a position in which performance is impossible.
If the vendor of real estate, under an executory contract, is
unable to perform on his part, at the time provided by the con-
tract, a formal tender or demand on the part of the vendee is
not necessary in order to enable him to maintain an action to
recover the money paid on the contract, or for damages.
(*Hudson* v. *Swift*, 20 Johns. 24; *Fuller* v. *Hubbard*, 6 Cow.
13; *Green* v. *Green*, 9 Cow. 47; *Hartley* v. *James*, 50 N. Y.
38; *Bigler* v. *Morgan*, 77 N. Y. 312; *Burwell* v. *Jackson*, 9
N. Y. 547; *Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y.
328; *Tamsen* v. *Schaefer*, 108 N. Y. 604.)

In this case there was no proof that the defendant waived
tender or demand either by words or conduct.   The only diffi-
culty in the way of the performance on his part was the
existence of the mortgage which the proof tends to show was
given by a former owner and its existence on the day of per-
formance was not known to either party.   In order to sus-
tain the judgment we, must hold that the defendant on the
day of performance was unable to convey to the plaintiff the
title which the contract required, simply because of the exist-
ence of the incumbrance.   We do not think that it can be
said upon the facts of this case that the defendant had placed
himself in such a position that he was unable to perform the
contract on his part and that his title was destroyed or that it
was impossible for him to convey within the meaning of the
rule which dispenses with the necessity of tender and demand
in order to work a breach of an executory contract for the
sale of land:   It cannot be affirmed under the circumstances
that if the plaintiff had made the tender and demand on the
day provided in the contract that he would not have received
the title which the defendant had contracted to convey.   The
contract is not broken by the mere fact of the existence on
the day of performance of some lien or incumbrance which
it is in the power of the vendor to remove.   That is all that
was shown in this case, and hence the judgment was recovered

in violation of an important principle of the law governing contracts.

For this reason the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed. _____