## TONGE v. NEWELL.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

VENDOR AND PURCHASER—BREACH OF CONTRACT—ACTION BY PURCHASER.

     A purchaser cannot sue for breach of the contract unless he has tendered performance on his part, and demanded performance by the vendor; it not appearing that the vendor could not perform.

Action by Daniel R. Tonge against Michael Newell for breach of contract, dated October 21, 1895, for the sale by defendant to plaintiff of a parcel of real estate for the sum of $1,250. A verdict was directed for defendant at the close of the evidence, and plaintiff's exceptions were ordered to be heard by the appellate division in the first instance. Overruled.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

R. H. Coatesworth and Geo. W. Cothran, for plaintiff.
Day & Romer, for defendant.

HARDIN, P. J. At the close of the evidence there was a question of fact before the court, in respect to whether there had been a full tender of performance on the part of the vendee, who sought to recover damages for an alleged breach of the contract. Plaintiff asked the court to direct a verdict for the plaintiff, and the defendant asked the court to direct a verdict for the defendant; alleging that he was entitled to a notice pointing out what particular defects there were, if any, in the search which had been prepared and presented. The court was called upon to exercise the functions of a jury, and find upon the conflicting evidence in respect to any questions of fact in the case. In the absence of a request to go to the jury by the plaintiff, against whom the verdict was directed, the decision of the court stands in the place of a verdict. Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574, and cases cited in the opinion. There was a conflict in the evidence on the question whether there was a tender made by the vendee, and a proper demand of performance. Such tender and demand were necessary conditions precedent to the maintenance of an action to recover money paid on the contract, or for damages for breach of a contract on the part of the vendor; it not appearing that it was not within the power of the vendor to furnish a good title and good search, in full compliance with the tenor of the contract executed by him. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080. In that case it was stated in the opinion, viz.:

"That in cases where, by the terms of the contract, the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the nonperformance,

or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party."

Plaintiff had paid $25 down upon executing the contract. He was to pay $275 at the time of the delivery of the deed, and execute back a bond and mortgage conditioned for the payment of $950, part of the purchase price by the terms of his contract. The trial judge, in the course of his remarks at the time of the delivery of the decision, observed:

"Before either party could be put in default, he was entitled to a reasonable time and fair opportunity, after being notified to that effect, to perform and comply with the covenants and provisions of the contract entered into on his part. If this view is correct, as I believe it is, it was incumbent upon the plaintiff in this action, before he could sue for damages sustained on account of the breach of this contract, to tender a full performance on his part of all the covenants to be performed by him, which included the preparation and tender of the bond and mortgage according to the provisions and terms of the contract, as well as the payment of the $300.00."

Inasmuch as there was a conflict in the evidence, we think the findings of fact made by the trial judge ought not to be disturbed. ·

Plaintiff's exceptions overruled, and judgment ordered on the verdict for the defendant, with costs.· All concur.