ABRAM E. HUNT, Appellant, *v.* EMANUEL ALEXANDER, Respondent.

*Specific performance — when an executor is not in a fiduciary relation to the devisees under the will — when he may purchase the real property left by the testator.*

Where a testator provides by his will, in substance, that certain of his real estate shall be set apart by his executors " to be by them sold and disposed of, if necessary, for the purpose of raising money to pay off any existing mortgages on any of the property hereinbefore devised, and in case it should not be necessary, to sell and dispose of the premises hereby reserved and to apply the pro-ceeds as aforesaid," he then devises the premises to his children for life and to their lawful issue; and, there being no existing mortgages upon the property at the time of ₜthe testator's death, one of the children, who is also an executor, subsequently brings an action for partition, in which all proper and necessary persons are joined as parties defendant, claiming that, under the circumstances, he and certain of the defendants have absolute title to the property, and the court so determines — such child, having bid the property off at the sale and acquired a deed pursuant to the judgment of the court, becomes seized of an absolute title to the premises sold. He does not occupy towards the other devisees of the testator any fiduciary relation, and a purchaser of the premises from him will be compelled to take the title.

APPEAL by the plaintiff, Abram E. Hunt, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 3d day of March, 1897, upon the decision of the court rendered after a trial at the New York Special Term.

*Thomas C. Ennever*, for the appellant.

*Samson Lachman* and *Theodore Baumeister*, for the respondent.

RUMSEY, J.:

The action was brought to compel the specific performance of a contract by which the plaintiff agreed to sell a piece of real estate to the defendant. The defendant refused to accept the property, alleging that the title of the plaintiff was not good; whereupon the plaintiff brought this action to compel specific performance of the contract by the defendant and acceptance of the deed offered to him and the payment by him of the purchase price according to the terms of the contract, or for other relief. The defendant, in answering, set up a defect in the title, and demanded judgment for

the amount of his first payment upon the contract and the expenses incurred by him in the examination of the title. He had judgment for the counterclaim upon the trial. It appeared that the plaintiff was the son of one John P. Hunt, who died on the 29th of April, 1893, seized of the premises set forth in the complaint and sold to the defendant by the plaintiff. By the will of John P. Hunt he devised to certain of his children and grandchildren specific pieces of property. As to some of the grandchildren he provided that his executors should pay to each one of them for certain periods stated in the will, a certain portion of the income arising from the rents of the property specifically devised to that one. The plaintiff was one of the executors named in the will, and qualified as such. No real property was specifically devised to him in trust. As to the particular property which is the subject of this action, the will provided that that property should be set apart by the " executors to be by them sold and disposed of, if necessary, for the purpose of raising money to pay off any existing mortgages on any of the property hereinbefore devised, and in case it should not be necessary to sell and dispose of the premises hereby reserved, and to apply the proceeds as aforesaid, I give, devise and bequeath the said premises to my children, Abram Edgar Hunt, Maria Louise Mulhearn and Jennie Tuller, for and during their and each of their natural lives, and to their lawful issue, *stirps** and not *per capita*, upon the terms and conditions of the several devises hereuntofore made, to have and to hold the same to them, their heirs and assigns forever." It was further provided in the will that, in case that property was not sold, the three children of another son of the testator, not mentioned in the clause above quoted, were to share in the property equally with the heirs of the three children named in the clause quoted above. That being the condition of affairs on the 26th of April, 1894, the plaintiff brought an action in the Court of Common Pleas, in the county of New York, for the sale and partition of that property. All the persons who, by any possibility, could have been interested were made defendants. It was alleged in the complaint that there were no mortgages upon any of the property devised by John P. Hunt in his will, and that it was not necessary to sell any of the property sought to be partitioned to pay off an existing mortgage

---

* *Sic.*

on any of the property devised by his will. It was alleged that the plaintiff and certain of the defendants had absolute title to the property, and the relief asked was that the partition of the property might be made, and that, if it could not be actually partitioned, it should be sold. All the defendants answered, the infant defendants appearing and answering by their guardians *ad litem*. The court, in the judgment, determined the rights and interests of the parties to the action, and that they had absolute estates in the property in the proportions therein stated, and directed the partition of the property among those persons, and, if actual partition could not be had, it directed the property to be sold, and gave to each party liberty to bid upon the sale. It appears by the judgment roll that a sale was had and the property bid off by the plaintiff, and that the sale was confirmed and that a deed was made to him pursuant to the judgment of the court. Such was the title shown by the plaintiff upon the trial, and it was not disputed that the Court of Common Pleas has acquired jurisdiction of the subject-matter and of all the persons who were interested in the real estate in question. This judgment of the Court of Common Pleas was an adjudication that the plaintiff held this property by an absolute title, and that there was not, as to that property, any trust in favor of any of the children of John P. Hunt, or of anybody else. The plaintiff was, therefore, at liberty to deal with it precisely as any other man might deal with any property he had. The fact that he was executor of John P. Hunt's estate did not invest him with any right over any of the real estate of which John P. Hunt died seized, nor did it create on his part toward the beneficiaries under the will of Mr. Hunt any fiduciary relation with reference to this real estate. As to that there was nothing in common between them, except so far as he was a tenant in common with certain of the beneficiaries under the will in this particular piece of property. He had no duty towards them so far as this real estate was concerned, except such as arose from the fact that he was a tenant in common with them in it. That fact did not prevent him from bringing his action for a partition, nor was he precluded from dealing with this property because he was an executor of an estate in which some of the other tenants in common were interested. The fact of his executorship imposed upon him no duties as to this property towards those

people.   For that reason the court was in error in holding that, as to this property, the plaintiff occupied any fiduciary situation whatever, or that he was not at liberty upon the sale for partition to buy it.   The title which the plaintiff offered, therefore, was a perfectly good title, and the defendant should have been compelled to accept it.

We have not, however, before us the facts necessary to enable us to direct a final judgment in the action.   The purchase price was to have been paid in July, 1896.   Whether the plaintiff is entitled to interest upon that sum depends upon the question whether he has had the possession and the rents and profits of the property; and the amount to be paid may possibly be affected by the expenses to which he has been put, if any, because of the necessity of protecting it and the payment of taxes.   To what extent these expenses have been incurred, if at all, and how far the defendant is liable for them, we have not the means of ascertaining.

Therefore, we must order a new trial in which all these matters can be determined, with costs to the appellant to abide the event.  ·

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.