DANIEL R. TONGE, Plaintiff, *v.* MICHAEL NEWELL, Defendant.

*Vendor and purchaser — a vendee who sues for breach of contract must show full performance upon his own part — when the decision of the court is equivalent to a verdict.*

Where the vendee, under a contract for the sale of real estate, seeks to recover damages for an alleged breach of the contract by the vendor, it is his duty to tender full performance on his part of all the covenants which are to be performed by him, including, where the contract so requires, the preparation and tender to the vendor of a bond and mortgage and the payment of a sum of money specified in the contract to be paid by the vendee.

Where each party asks the court to direct a verdict in his favor, and neither party asks to go to the jury upon a question of fact, the decision of the court stands in place of a verdict.

MOTION by the plaintiff, Daniel R. Tonge, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of his complaint directed by the court after a trial at a Trial Term of the Supreme Court held in and for the county of Erie on the 13th day of November, 1896.

Plaintiff was the vendee and the defendant was the vendor in a land contract, executed by the parties, dated the 21st day of October, 1895, for the sale of a parcel of real estate for the sum of $1,250. Plaintiff seeks to recover damages for an alleged breach of the con-

tract.    A verdict was directed for the defendant at the close of the evidence, and the exceptions were ordered to be heard here in the first instance.

*R. H. Coatsworth* and *George W. Cothran,* for the plaintiff.

*Day & Romer,* for the defendant.

HARDIN, P. J. :

At the close of the evidence there was a question of fact before the court in respect to whether there had been a full tender of performance on the part of the vendee, who sought to recover damages for an alleged breach of the contract.

Plaintiff asked the court to direct a verdict for the plaintiff, and the defendant asked the court to direct a verdict for the defendant, alleging that he was entitled to a notice pointing out what particular defects there were, if any, in the search which had been prepared and presented.    The court was called upon to exeraise the functions of a jury and find upon the conflicting evidence in respect to any questions of fact in the case.    In the absence of a request to go to the jury by the plaintiff, against whom the verdict was directed, the decision of the court stands in the place of a verdict. (*Shultes* v. *Sickles,* 147 N. Y. 704, and cases cited in the opinion.)

There was a conflict in the evidence on the question whether there was a tender made by the vendee and a proper demand of performance.    Such tender and demand were necessary conditions precedent to the maintenance of an action to recover money paid on the contract, or for damages for breach of a contract on the part of the vendor, it not appearing that it was not within the power of the vendor to furnish a good title and good search in full compliance with the tenor of the contract executed by him. (*Ziehen* v. *Smith,* 148 N. Y. 558.)    In that case it was stated in the opinion, viz., " that in cases where, by the terms of the contract, the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the non-performance, or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party."

Plaintiff had paid $25 down upon executing the contract.    He

was to pay $275 at the time of the delivery of the deed and execute back a bond and mortgage conditioned for the payment of $950, part of the purchase price, by the terms of his contract.

The trial judge, in the course of his remarks at the time of the delivery of the decision, observed : "Before either party could be put in default he was entitled to a reasonable time and fair opportunity, after being notified to that effect, to perform and comply with the covenants and provisions of the contract entered into on their* part. If this view is correct, as I believe it is, it was incumbent upon the plaintiff in this action, before he could sue for damages sustained on account of the breach of this contract, to tender a full performance on his part of all the covenants to be performed by him, which included the preparation and tender of the bond and mortgage, according to the provisions and terms of the contract, as well as the payment of the $300.00."

Inasmuch as there was a conflict in the evidence, we think the findings of fact made by the trial judge ought not to be disturbed.

The plaintiff's exceptions should be overruled and judgment ordered on the verdict for the defendant, with costs.

All concurred.

Plaintiff's exceptions overruled and judgment ordered for the defendant on the verdict, with costs.