(28 Misc. Rep. 660.)

### STRAUSS et al. v. BENHEIM.

(Supreme Court, Special Term, New York County. August, 1899.)

1. GUARDIAN AND WARD—SALE OF INFANTS' INTEREST IN LAND—PURCHASE BY GUARDIAN'S WIFE—VALIDITY OF SALE.

An infant's interest in real estate was sold to the wife of the special guardian. The report of sale and contract of sale were confirmed, and the guardian directed to execute a deed to the wife, which was done. *Held*, that the sale was valid, especially after a lapse of 26 years, and not open to collateral attack.

2. EXECUTORS AND ADMINISTRATORS—SALE OF REAL ESTATE.

Where the decree under which property is sold by a referee is made in aid of a power of sale contained in a will, and to carry out its provisions, the referee's deed to the purchaser conveys a marketable title, and a deed from the executor is unnecessary.

Motion by Rosa Strauss and another, executors, to compel Henry M. Benheim, a purchaser at judicial sale, to take title. Granted.

Samuel D. Levy, for the motion.

E. Arnstein, A. C. Thomas, and C. A. Wendell, opposed.

McADAM, J. The first and most serious objection urged by the purchaser against the title is that in 1873 two undivided sixths of the premises were owned by certain infants, and that, in proceedings commenced that year for leave to sell their interests in the real estate, Lorenz Weiher was appointed special guardian of the infants, and sold the property to one Louise Weiher, his wife; that the

guardian thereby practically sold the property to himself, because by conveying to her he might possibly acquire an interest in the property as tenant by the curtesy; and that under the decisions of Davoue v. Fanning, 2 Johns. Ch. 252, and Tyler v. Sanborn, 128 Ill. 136, 21 N. E. 193, the sale was voidable at the election of the infants. In the Davoue Case the sale was by an executor acting under a power contained in the will, and by the common law, which then controlled, the husband became at once entitled to the rents, issues, and profits of the property. In the Tyler Case the sale was by an agent, who concealed from his principal the fact that the sale was to his wife, and upon that ground the court decided it to be illegal. In this instance it appears by the report of the referee appointed in the special proceeding for the sale of the infants' interests that the sale was made to the wife of the special guardian; and the court confirmed the report of the referee, ratified and confirmed the contract of sale, and by an order made October 9, 1873, directed the guardian to execute a deed of conveyance to the wife, which he accordingly did. The court, being one of general jurisdiction in law and equity, had the power to make this order, and its judgment is not open to collateral attack (Hunt v. Alexander [Sup.] 45 N. Y. Supp. 814; Johnstone v. O'Connor, 47 N. Y. Supp. 425; De Caters v. De Chaumont, 3 Paige, 177; Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334), particularly after the lapse of 26 years. Since the making of the Davoue decision, the interest and control of a married man in the real property of his wife have undergone such change that he acquires no vested interest therein, and his right to curtesy is a mere possibility. The wife may purchase and sell without his consent, and even against his wishes. Under these circumstances, it would hardly be wise for the court to hold that the objection stated makes the title unmarketable, and that no purchaser would be reasonably safe in taking it. As is said by the court of appeals in Cambrelleng v. Purton, 125 N. Y. 610, 26 N. E. 907:

"If the existence of the alleged fact which is claimed or supposed to constitute a defect in or cloud upon the title is a mere possibility, or the alleged outstanding right is but a very improbable or remote contingency, which, according to ordinary experience, has no probable basis, the court may, in the exercise of a sound discretion, compel the purchaser to complete his purchase."

In Rhodes v. Caswell, 41 App. Div. 229, 58 N. Y. Supp. 470, it is held that a sale by executors of real estate, voidable at the election of any one of the parties in interest, because made to the wife of one of the executors, may be ratified, so that its validity is not subject to be thereafter impeached. The courts have certainly shown a disposition to sustain, rather than defeat, executed transactions of this character. The infants, who must have reached their majority long ago, have not challenged the conveyance in question, even if it were open to attack by them, and the possibility of their attacking it is too remote to conjure up doubt sufficient to warrant the court in stamping a title apparently good as unmarketable.

The purchaser also objected that the referee's deed did not in itself convey good title, and that there should be a deed from the executors acting under the power of sale. Upon the making of the objection, the executors tendered the deed required, thereby obviating the objec-

tion, if it has any merit. Under the rules now existing, objections to the title which the vendor is able to remove at the time of closing furnish no excuse to a purchaser for nonperformance. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558. The deed from the executors was unnecessary, however, as the decree under which the property was sold was made in aid of the power of sale contained in the will, and to carry out that provision thereof. The other objections are of a purely technical character, and are without merit.

As the purchaser at the judicial sale will obtain a marketable title, the motion to require him to complete his purchase will be granted, with $10 costs. If he desires to appeal, the court will insert a provision in the order staying proceedings until the matter is disposed of by the appellate division, provided he takes and prosecutes his appeal with due diligence. Ordered accordingly.