### NEW YORK CITY ESTATES CO. v. CENTRAL REALTY CO.

(Supreme Court, Special Term, New York County. May, 1909.)

1. VENDOR AND PURCHASER (§ 349*)—DAMAGES FOR BREACH OF CONTRACT—COMPLAINT.

A purchaser, suing at law to recover damages for default in a contract of sale, must allege performance of all conditions on his part to be performed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1039; Dec. Dig. § 349.*]

2. VENDOR AND PURCHASER (§ 344*)—BREACH OF CONTRACT—TENDER OF PERFORMANCE.

A contract for the sale of real estate is not breached by the vendor because of the existence, on the day set for closing the title, of liens which it is in his power to remove; and the purchaser, suing at law to recover damages for default of the vendor, cannot excuse tender of performance on his part by alleging the existence of such liens at the time fixed for closing the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 344.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the New York City Estates Company against the Central Realty Company. Demurrer to complaint sustained.

Olcott, Gruber, Bonynge & McManus, for plaintiff.

Hardy & Shellabarger, for defendant.

GERARD, J. Plaintiff and defendant entered into a contract, in which defendant agreed to sell to plaintiff certain real property. The purchase price was $775,000, payable $15,000 on signing the contract (which sum was to be paid by the transfer and delivery by vendee to vendor of 5 per cent. sinking fund bonds of the Hudson County Water Company), $525,000 by taking the property subject to an existing mortgage, and $235,000 on closing title by transfer and delivery of that amount at par of the Hudson County Water Company bonds. The vendee agreed coincidently with the delivery of title to loan or procure to be loaned to the vendor or its nominee $140,000, to be secured by the note of the vendor, and to be secured by the deposit as collateral of the above referred to $250,000 bonds. The complaint sets forth that plaintiff, the vendee, transferred to defendant the $15,000 bonds, and alleges that at the time for closing the title defendant, the vendor, did not convey, nor was defendant able to convey, and alleges that at the day of closing there were liens on the premises for unpaid taxes and an unsatisfied mortgage for $90,000. The plaintiff vendee alleges tender of the $235,000 bonds, but the complaint does not allege that the vendee procured the loan of $140,000 for the vendor.

The plaintiff vendee brings this action to recover the sum of $15,000 as damages, and defendant vendor demurs on the ground that the complaint does not state a cause of action, in that plaintiff does not allege performance on its part of the conditions of the contract; the complaint containing no allegations that plaintiff vendee procured the loan for the vendor. The vendee must allege performance of all conditions on its part to be performed, because this is an action at law for damages. Smyth v. Sturges, 108 N. Y. 495, 15 N. E. 544; Tongue v. Newell, 16 App. Div. 500, 44 N. Y. Supp. 906.

The plaintiff vendee attempts to excuse tender of performance on its part by alleging that on the day set for closing the title there were taxes unpaid and an unsatisfied mortgage for $90,000; but by the weight of authority in this state it is settled that the contract of sale is not broken because of the existence on the day of closing of liens or incumbrances which it is in the power of the vendor to remove. The plaintiff cites Morange v. Morris, *42 N. Y. 48; but this case was overruled by Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; and in Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558, the Appellate Division of this department expressly stated that the Morange Case had been disapproved.

Demurrer sustained, with costs, with leave to amend on payment of costs.